## CHILD, HIBBLER & PEARSON V. WOFFORD.

1. The defendant addressed a letter to C, (one of the plaintiffs) at the city of Mobile, requesting him to send him goods according to a bill annexed: C and his co-plaintiffs were doing business as partners and commission merchants in the city of Mobile, and not otherwise, and the defendant resided in the interior, about two hundred miles distant. The plaintiffs sent the goods, but without a bill of lading or letter; the agent of the defendant, as well as his principal supposing, that they were sent by C individually, and that to him alone the defendant was accountable—*Held*, that the plaintiffs were entitled to recover in an action for goods sold and delivered.

THE plaintiffs' in error, brought an action of assumpsit against the defendant, in the County Court of Pickens, and declared for goods, wares and merchandize sold and delivered, money paid, &c. The case was tried on the pleas of *non as- assumpsit*, payment, and set off.

On the trial, the plaintiffs excepted to the ruling of the Court. From the bill of exceptions, it appears that the plaintiffs offered as evidence, a letter written by the defendant to the plaintiff, Child, and addressed to him at Mobile, which letter is as follows:

"CARROLTON, February 8, 1840.

*Dear Sir :* Please send me the following bill of groceries, as hereby annexed, and I will settle with you when called on, for the same, to wit: one barrel sugar, one barrel best Irish potatoes, one good cheese, one barrel rectified whiskey, 1 barrel rice, 1 box sperm candles, good, fifty pounds white loaf sugar, and one bag coffee.

P. S.—You will please fill the above and send them immediately, if possible, as I am in great need of them.

Yours respectfully,

ISAAC WOFFORD."

The plaintiffs then proved the amount of the groceries, their value and delivery to the defendant, and that they were paid for with the funds of the plaintiffs, whom it was shown were commission merchants, doing business in Mobile, and known to be thus associated.

Defendant then offered a witness, who stated that he was the

agent of the defendant in writing the letter to Child; that at the time of writing the letter and receiving the goods, Child was indebted to the defendant, who stated that he believed he had no other way of collecting his debt than by ordering goods from Child, and that his object in writing to Child alone, was to become liable to him individually, for such as he might send ; and he did not wish to become the debtor of the plaintiffs. These declarations of the defendant were made at the time the letter was written.

The witness further stated, that he received the goods ordered, as the agent of the defendant, believing they had been sent by Child, as no bill of lading accompanied them; that had he have known they had been sent by the plaintiffs, he would not have received them, as the defendant did not intend to become indebted to them. And the defendant believed when he received the goods, that they had been sent to him by *Child alone.*— To the admission of so much of the evidence as related to the defendant's intentions in writing the letter, and his belief on receiving the goods, the plaintiffs objected, but their objection was overruled by the Court, and the evidence allowed to go to the jury; thereupon the plaintiffs excepted.

The Court charged the jury, that if the defendant intended, by writing the letter to Child, to become liable to him alone, should he send the goods ordered, and under the impression that they had been thus sent, he received them, they should find for the defendant. That such was the law, although the plaintiffs had paid for the goods from their joint means, and forwarded them in consequence of the letter to Child.

The plaintiffs counsel prayed the Court to charge the jury, that although the defendant might have believed on receiving the goods, that he was liable to pay Child individually, for the same, yet if the plaintiffs were ignorant of the defendant's intention to make a debt with Child alone, and had paid for the goods from the partnership funds, they were entitled to recover; which charge the Court refused to give. Thereupon the plaintiffs excepted, and a verdict being found in favor of the defendant, and judgment thereon rendered, the plaintiffs have prosecuted a writ of error to this Court.

CRABB & COCHRAN, for the plaintiffs, submitted the case to the Court.

B. F. Porter, for the defendant, insisted, that the defendant had made no contract with the plaintiffs, and that Child alone could maintain an action. He cited Tucker v. Wood, 12 Johns. Rep. 190; Bruce v. Pearson, 3 ibid. 534; Tuttle v. Love, 7 ibid. 470; Chitty on Con. 9; 3 Johns. Rep. 653; 1 Caine's Rep. 584; 5 East's Rep. 16.

COLLIER, C. J.—There can be no doubt that the declarations of a party are sometimes evidence in his favor, as constituting a part of the *res gestæ;* but to be a part of the *res gestæ*, the declarations must have been made at the time of the act done, which they are supposed to characterize, and well calculated to unfold the nature and quality of the facts they were intended to explain, and so to harmonize with them, as obviously to make one transaction. Enos v. Tuttle, 3 Conn. Rep. 250.

If the intentions of the defendant in sending his order to Child, or his belief in receiving the goods, could serve, to explain the transaction, or in any manner to determine the rights of the plaintiffs, they would be admissible under the rule we have stated. But no such effect can be accorded to them, unless it was shown that the plaintiffs were aware of his intentions. In the absence of all proof to the contrary, it must be intended that the plaintiffs were influenced in sending the goods to the defendant by his written order, addressed to one of the firm. The question then is, were the plaintiffs authorised by that order to make the defendant their debtor by sending him the articles ordered. Child, together with his co-plaintiffs, were commission merchants in the city of Mobile, and in that character, could not, it is presumable, have been engaged in the business of selling goods upon his own account, and for his exclusive benefit; so that it is a question of fact, properly determinable by the usual course of dealing, whether the letter, though addressed to him individually, might not be regarded as an order which the firm were authorized to fill. If it was, his liability to the plaintiffs, admitting the goods have been forwarded, is unquestionable.

An authority to buy goods will authorise a purchase on the credit of the principal, and even the giving of a security for the purchase money, if there exists a usage of trade to justify it.— Story on Agency, 74. And will not an order to a commission

merchant, confer on him an authority equally extensive, if such is the usage? See Edwards and Bonner v. Benham & Co. 2 Stew't & P. Rep. 147. But suppose he finds it for the interest of his correspondent to purchase his goods for cash, if the course of trade authorises it, may he not borrow money on his credit, instead of thus purchasing the goods? These questions are merely suggested, and need not be here answered, as the case may be determined on other grounds.

In order to maintain an action for goods sold and delivered, it is not necessary to prove an express contract. In general, proof of the delivery of the goods to the defendant, or his agent, and that he has used them, is *prima facie* evidence of a contract, without proving any specific order. Bennett v. Henderson, 2 Starkie's Rep. 550. And this action is sometimes maintainable, though it appears that the defendant obtained possession of the goods tortiously. 3 Taunt. Rep. 274; 6 T. Rep. 681; 2 ibid. 145; Hill v. Davis, 3 N. Hamp. Rep. 384; Gilmore v. Wilburn, 12 Pick. Rep. 120. So, if one person, without any previous authority, buys goods as the agent of another, and deliver them to him, and he receives and uses them, he will be liable to the seller for their value, unless he has paid the buyer. Kupfer v. Parish in Augusta, 12 Mass. Rep. 185. And when goods are delivered to one person on the credit or request of another, the undertaking of the latter to pay, is direct, and an action lies against him for goods sold. Stapp v. Anderson, 1 A. K. Marsh. Rep. 539. We have merely stated these principles to show, that in this form of action the law is very liberal in implying a promise to pay, where the defendant has derived a benefit.

Here, if the evidence is to be accredited, the defendant has received and used the plaintiffs' goods, and they may be the losers to the extent of their value, unless he pays them for them. True, the defendant supposed them to belong to Child, or he would not have received them, yet, having used them, he must account to the plaintiffs, as he received them without advice from any source, by whom they were sent. If the usage of trade did not authorise the plaintiffs to fill the order to Child, the defendant might have refused to receive the goods from them, or having received them under the impression, that Child was the sole consignor, immediately upon ascertaining

the fact to be otherwise, he could have given notice to the plaintiffs that they would be returned.

This view shows that the County Court erred, both in admitting the evidence of the defendant's declarations and belief, and in the charge to the jury. The judgment is consequently reversed, and the cause remanded.