# Carew & Son *v.* Lillienthall.

*Action to recover Price of Goods sold and delivered.*

1. *Sale of goods by clerk; ratification of agent's unauthorized act.* — Where a clerk or salesman in a store sells goods, and, at the same time, agrees to take back damaged goods previously sold by him to the purchaser; and his principal, denying his authority to make such a promise, repudiates the agreement, and notifies the purchaser that he will not take back the former goods; the bringing of a subsequent action by the principal, to recover the price of the goods last sold, is not necessarily a ratification of the agent's unauthorized agreement, so as to prevent the plaintiff from recovering without performing that agreement; but in such case, the authority of the agent to make the promise, and the ratification of his promise by the principal, are both questions of facts for the determination of the jury; and a charge which assumes that he had authority, or that there was a sufficient ratification to bind the principal, is properly refused.

2. *Jurisdiction of city court of Montgomery, and of circuit courts, in civil causes involving more than fifty and less than one hundred dollars.* — In civil causes, where the amount in controversy is between fifty and one hundred dollars, the city court of Montgomery, like the circuit court, has concurrent jurisdiction with justices of the peace; which jurisdiction is derived from constitutional provisions, and is not affected by any inconsistent statutory provisions contained in the Revised Code.

APPEAL from the City Court of Montgomery.
Tried before the Hon. JOHN D. CUNNINGHAM.

WATTS & TROY, for appellants.

A. MARTIN, *contra.*

PETERS, C. J. — This is an action on account, or verbal contract, for one hundred dollars, due September 8, 1868, which was instituted by the appellee, Lillienthall, as plaintiff in the court below, against Carew & Son as defendants, on the 7th day of September, 1869. The judgment was for the plaintiff, for $51.67, besides costs. From this judgment the defendants appeal to this court; and the errors assigned assail the jurisdiction of the court below, and the refusal of the court to give a charge asked by the defendants on the trial below, which appears as set out in a subsequent part of this opinion.

The evidence set out in the bill of exceptions tends to show, that said Lillienthall, who resided in the city of New York, in the month of August, 1867, sold a lot of tobacco and snuff to said Carew & Son, who resided in the city of Montgomery, in this State, for the sum of $214.46. This lot of tobacco and snuff was paid for in December, 1867, by cash, and a check on New York. Afterwards, one Knox, who was the salesman of the plaintiff, sold to the defendants, in August, 1868, a second lot of tobacco, for $59.41, which is the sum sued for in this action. The tobacco thus sold was delivered by Knox to the defendants. It also appears that evidence was offered tending to show,

[Carew *v.* Lillienthall.]

that the first lot of tobacco sold by plaintiff to defendants was unsound and unsalable, and that a clerk in the store of plaintiff, at the time the second lot of tobacco was bought, agreed to take back that part of the first lot which was unsalable, and defendants were to send it back to the plaintiff at New York. It was accordingly sent by them under "this agreement with Knox, the salesman;" and the plaintiff immediately wrote to the defendants, that he would not accept the tobacco returned, and advised them that the tobacco was in store for their use and benefit, and subject to their order. The proof also tended to show, that Knox was the person who made both of said sales to the defendants, and that the plaintiff himself did not make either sale; and also that Knox made the agreement to take back the part of the first lot alleged to be damaged. There was, also, testimony denying that Knox had any authority from the plaintiff to take back the first lot of tobacco; "and Knox swore that he had no such authority." "Knox was the salesman in the store of plaintiff, and made both trades with the defendants." The bill of exceptions then goes on to state that, "on *this* evidence, the defendants asked the court to charge the jury, that if they find from the evidence that Knox made the sale to Carew & Son of the second lot of tobacco, and agreed to take back the first, as a part of the sale of the second lot, then the plaintiff cannot claim the benefit of the last trade without taking it with its burdens." This charge being refused, the defendants excepted; and this is one of the errors assigned.

The contract of sale in this case was not made by the owner of the tobacco himself, but by another person for him. In such case, it must appear that the person making the sale had authority from the owner to make it, or that after it was made, the owner ratified the sale that has been made for him; else the owner will not be bound by it. Here, the proof shows that the agency was not admitted, but was denied and controverted. But it is insisted, that the suit for the value of the tobacco delivered by Knox to the defendants, on his sale to them, is a ratification of this sale. This is not necessarily so. The property in the tobacco did not pass by the sale made by Knox, unless Lillienthall assented to it. It was still his property, and if the defendants appropriated it, they would be liable to him for its value. The law implies a promise to pay where the defendant has derived a benefit from the act of the plaintiff. *Child, Hibbler & Peason* v. *Wofford*, 3 Ala. 564, and cases there cited. Here, the evidence very clearly shows that Lillienthall repudiated the sale made by Knox. But because he did this, he was not bound to lose his goods. He could, therefore, sue upon the implied contract, which the law raises in such a case. *Hitchcock* v. *Lukens & Son*, 8 Porter, 333. The charge asked

assumes, that Knox had authority to make the sale, or that there was a sufficient ratification to bind the plaintiff. This was an assumption that the evidence did not justify. Both the agency and the ratification should have been left to the jury. The charge was calculated to mislead the jury, and it was properly refused. 1 Brick. Digest, p. 344, § 130.

2. The question raised on the jurisdiction of the city court is not sustained. The city court of Montgomery within the county has the jurisdiction of the circuit courts, except in actions to try title to lands. Pamph. Acts 1863, p. 121, No. 152, § 4; Rev. Code, § 10; Pamph. Acts 1868, p. 351. The jurisdiction of the circuit courts is conferred by the Constitution, which declares, that "The circuit court shall have original jurisdiction in all matters, civil and criminal, within the State, not otherwise excepted in the Constitution; but in civil cases only when the matter or sum in controversy exceeds fifty dollars." Const. Ala. 1867, Art. VI. § 6. Here the sum in controversy is above fifty dollars, and the recovery was above this sum besides costs. This is very clearly within the jurisdiction of the circuit court. The jurisdiction given to justices of the peace is not excepted out of that bestowed on the circuit court. "Justices shall have jurisdiction, in all civil cases, wherein the amount in controversy does not exceed one hundred dollars." Const. Ala. 1867, Art. VI. § 13. These grants make the jurisdiction of the circuit court and of the justice of the peace, when the matter or sum in controversy is over the value of fifty dollars, and not greater than one hundred dollars, concurrent. In such a case, a litigant may sue in either court. So far as the Revised Code seeks to limit the jurisdiction thus given to these courts, it is without authority, and it is not continued in force. Pamph. Acts 1868, p. 7. As soon as a court ordained by the Constitution is established by the general assembly, it draws to it all the powers of jurisdiction which it derives from the Constitution itself. It needs no further legislation for this purpose. The legislature may regulate the practice, but it cannot interfere with the limits of the jurisdiction.

The judgment of the court below is affirmed.