# Cobb *v.* Malone & Collins.

*Action for Damages for Conversion of Crop, by Mortgagee against Purchaser with Notice.*

1. *Accord and satisfaction; novation.*—If the mortgagor of personal property, having sold to a third person a part of the mortgaged prop-erty, afterwards executes another mortgage on other property, which is accepted by the mortgagee "in settlement of said matter for" the prop-erty so sold, or is so accepted by his agent, whose act is afterwards ratified by him, this constitutes a valid substitutionary contract, heal-ing the breach of the first, and is available to the purchaser as a de-fense to a subsequent action for the alleged conversion of the property sold to him.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by A. A. Cobb, against Malone & Collins as partners, to recover special damages for an al-leged conversion by defendants of a bale of cotton, on which plaintiff claimed a lien under a mortgage for advances, of which lien he alleged that the defendants had notice when they received and sold the bale of cotton; and was com-menced on the 6th October, 1887. The case was tried on issue joined on the plea of not guilty, and resulted in a ver-dict for the defendants. On the trial, as the bill of excep-

[Cobb v. Malone & Collins.]

tions shows, the plaintiff read in evidence, without objection, the mortgage under which he claimed the bale of cotton; which was executed by one C. D. Crutchfield, was dated February, 1887, and given to secure a debt of $50 for advances to make a crop, with such additional advances as might be made during the year; and it conveyed the mortgagor's entire crop for the year, with one horse, plantation implements, &c., the law-day being October 1st. The mortgage was duly filed for record on March 4th, 1887. "The testimony of the plaintiff, in his own behalf, tended to show that, at the time of the trial, said Crutchfield was indebted to him, for advances made under said mortgage, in the sum of $125, having paid him on the same one bale of cotton and 1,200 lbs. of seed-cotton, of the value of $75; that the defendants admitted, prior to the bringing of this suit, that they had received from said Crutchfield the bale of cotton sued for; and that the highest market value of the cotton since September 13th, 1887, the date of the alleged conversion, was 9½ cents per pound. Said plaintiff was asked by defendants, on cross-examination, if Crutchfield did not, in May, 1887, execute to him another mortgage, to secure an amount over and above the $50 mentioned in said former mortgage; and answered, that said Crutchfield did, in May, 1887, execute to him another mortgage for a larger amount." The plaintiff objected to this question and answer each, and duly excepted to the overruling of his objections.

"The plaintiff next introduced said Crutchfield as a witness, who testified, in substance, that he sold to defendants the bale of cotton in controversy some time in the Fall of 1887, and that it was covered by plaintiff's mortgage. The cross-examination of said witness tended to show, that an agreement was had between him and one Douglas Cobb, plaintiff's clerk, to the effect that, if he (Crutchfield) would execute to plaintiff another mortgage, covering a yoke of oxen, a wagon, and his entire crop for the year 1887, with all rents coming to him, and all other stock owned by him at that time, plaintiff would dismiss his suit; that this was in settlement of said matter of the bale of cotton involved in this suit, and that plaintiff agreed to dismiss his suit; and that a mortgage was made in September, 1887, pursuant to this agreement. The plaintiff objected to the introduction of this evidence, and excepted to its admission. The evidence tended to show, also, that plaintiff was absent at the time said agreement was made, and that said clerk had

no authority to make it; and further, that plaintiff, on his return, took said mortgage, and had it recorded in the office of the judge of probate, and still holds and claims it. The evidence for plaintiff further tended to show, that said agreement between his clerk and Crutchfield was, that if Crutchfield would execute a new mortgage to plaintiff, and pay the same in two weeks, plaintiff would dismiss his suit against the defendants in this case, and that plaintiff sent letter in relation to the matter. Crutchfield denied that he was to pay said new mortgage in two weeks; and defendants then, in connection with the evidence of said Crutchfield, read in evidence a record copy of said mortgage of September, 1887;" which mortgage was dated September 23d, 1887, purported to secure an indebtedness of $75 for advances to make a crop, and the law-day of it was October 1st. The plaintiff objected and excepted to the admission of said mortgage as evidence.

The rulings of the court on the evidence, as above stated, are the only matters assigned as error.

M. E. MILLIGAN, and J. F. MILLIGAN, for appellant.

STONE, C. J.—The record before us contains a meagre presentation of the facts, and fails to affirm it contains all the evidence. In such case, it is our duty to indulge every reasonable intendment in favor of the correct ruling of the trial court, which is compatible with the averments and recitals found in the record. Error can not be presumed, but must be affirmatively shown.—3 Brick. Dig. 406, § 40.

One of the grounds, if not the main ground of defense in this case, was, that after Crutchfield had sold to Malone & Collins the bale of cotton on which Cobb had a mortgage lien, Crutchfield executed a second mortgage to Cobb, conveying additional property, on an agreement that the giving of this additional security "was in settlement of said matter of the bale of cotton involved in this suit." This was the testimony of Crutchfield; and that pursuant to it he gave the second mortgage, which was put in evidence. True, there was conflict in the testimony, and plaintiff's proof negatived the extent of the agreement; and there was also a denial of the authority of the agent to make the alleged agreement. There was, however, some testimony tending to show Cobb's ratification of the agreement.—3 Brick. Dig.

[Miller v. Lehman, Durr & Co.]

20, §§ 17, 19, 20. Each of these matters of controversy was a question for the jury.—*Carew v. Lillienthall*, 50 Ala. 44.

All the testimony objected to, tended to prove the defense alluded to above. It was not so entirely insufficient in any of its bearings, as to call for its rejection as matter of law. Whether it authorized the finding of all the facts necessary to the verdict rendered, could have been raised on proper charges requested. It is not shown that charges were given or requested, and we must presume that the trial court gave proper instructions.—3 Brick. Dig. 406, § 43.

If the jury believed the testimony of Crutchfield, and further found that Cobb either authorized, or with knowledge ratified the act of his agent, then the second security was a sufficient consideration for the surrender of his lien on the bale of cotton, and constituted the second a valid, substitutionary contract, healing the breach of the first. The second mortgage bears date in September, 1887, and the present suit was brought afterwards.

Affirmed.