# Cable Company of Alabama *v.* Griffitts.

## *Detinue.*

### (Decided May 24, 1909.  49 South. 577.)

1. *Sales; Conditional Sales; Remedy of Seller; Detinue.*—Within the rule that if a person wrongfully or to elude suit parts with the actual possession of property previous to demand or suit brought, having had actual possession, detinue may be maintained against him for the property, a person who purchases a piano under a conditional sales contract which binds him to retain possession subject to the seller's written consent, who without such consent makes a gift of the piano to his wife and attempts to transfer possession to her, is subject to a suit in detinue therefor, such attempted transfer of possession being wrongful whether the buyer has specific intent to elude the enforcement of the seller's right or not.

2. *Same; Change of Possession; Waiver.*—The fact that the sales agent of the piano company knew that the purchaser of the piano intended to give it to his wife did not tend to show any waiver by the company of the written agreement of the buyer not to part with possession of the piano without the company's consent.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. TENNIS TIDWELL, Special Judge.

[Cable Company of Alabama v. Griffitts.]

Detinue by the Cable Company of Alabama against L. C. Griffitts for a piano. Judgment for defendant and plaintiff appeals. Reversed and remanded.

O. KYLE, S. A. LYNN, and ROBERT E. SMITH, for appellant.—The court erred in refusing to strike plea 1.— *Baron v. VanVert,* 13 Ala. 232. Having agreed to retain possession of the piano unless he obtained the seller's consent in writing to part with the possession, the action of the purchaser in giving it to his wife was wrongful, or to elude suit, and hence, detinue will lie. —*Walker v. Fenner,* 20 Ala. 198; *Foster v. Chamberlain,* 41 Ala. 168; *Fenner v. Kirkman,* 26 Ala. 655; *Henderson v. Felts,* 58 Ala. 394; 2 N. E. 582; 2 N. C. 12; 20 N. C. 354; 1 Dana 110; 14 Cyc. 260; 80 Am. Dec. 261. The defendant was liable for the wife's detention.— *Strouse v. Leipf,* 101 Ala. 439.

CALLAHAN & HARRIS, for appellee.—No brief came to the Reporter.

McCLELLAN, J.—Detinue, by the vendor (appellant) against vendee (appellee) on conditional sale, for the recovery of a piano. There was default in meeting the condition to the vesting of title, viz., payment in full of the purchase price. If the action to recover the property was brought against the proper party, the right of the vendor to a judgment cannot be doubted. The only question in this case, then, is: Was the defendant in such possession of the property at the time the suit was instituted as is requisite to sustain detinue,

The defendant insists upon a negative reply to this inquiry, for that the vendee made a parol gift of the piano so purchased to his wife, and that at the time the

suit was brought she was in possession. It could not be seriously contended that the wife acquired any right, title, or interest adverse to that of the vendor to recover the subject of the conditional sale upon default, as there was in this instance, in meeting the condition of the contract. In the writing evidencing the contract between the parties to the conditional sale, the vendee agreed that he would not part with the possession of the piano without the written consent of the vendor indorsed on the contract. The piano remained at all times in the house of which the vendee was the head. The usually met statement of the rule with respect to the possession necessary to maintain detinue is that the defendant must have had actual possession of the chattel, or controlling power over it, at the time the suit is brought. But there is another phase to the rule. It is this: If the defendant, having had actual possession previous to the demand or suit brought, "has wrongfully or to elude the plaintiff's action parted with it," detinue may be maintained against him.—*Walker v. Fenner*, 20 Ala. 192; *Fenner v. Kirkman*, 26 Ala. 650; *Foster v. Chamberlain*, 41 Ala. 158, 167, 168; 14 Cyc. pp. 258-260, and notes.

The contract between these parties bound the vendee to retain the possession subject to the written consent to change by the vendor. There was no such consent given or sought, so far as appears by this record. The wife testifies that she knew of the purchase of the instrument by her husband and that it had not been paid for. Besides, the contract was seasonably recorded. The effort on his part to transfer the possession to his wife was in flagrant violation of his contractual obligation to keep the chattel in his possession. It was wrongful, within the rule stated, upon the authorities before cited. Whether the defendant had the specific intent,

at the time of the attempted transfer of possession, to elude the enforcement of the plaintiff's rights in the premises, is not important, since the inevitable effect of the effort was to do so. If such a practice, pursued by parties with full knowledge of the restriction on change of possession as appears in this contract, is sanctioned, it is readily conceivable that a plaintiff might be put to many actions following the first against his vendee, whose defense sustained would be traced through his avowal of his own wrong.—*Harkey v. Tillman,* 40 Ark. 551.

The testimony introduced to show that the sales agent of plaintiff knew at the time of the sale of the contemplated gift of the instrument to the wife did not tend to show any waiver by the company of the agreement of the vendee not to alter the possession. If the testimony be taken as true, the effecting of an intention to change the possession could have been accomplished, in sympathy with the contract, by the written consent of the vendor.

The lower court erred in several of its rulings; but it is unnecessary to specially note them. The conclusion is that the verdict and consequent judgment are both erroneous. The plaintiff was entitled to recover. The judgment below is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.