# Vest, *et al. v.* Culver.

## *Detinue.*

(Decided April 5, 1911.  55 South. 251.)

*Detinue; Possession of Defendant; Necessity.*—The rule that actual possession of or controlling power over a chattel at the time detinue was instituted is requisite to maintain the action, is applicable to an action of detinue by the claimant of a chattel taken under execution by a constable, the defendant, where he has surrendered the property to the defendants in execution under a forthcoming bond in accordance with section 4675, Code 1907, before the commencement of the detinue action.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Detinue by H. P. Vest and another, against W. A. Culver. Judgment for defendant and plaintiffs appeal. Affirmed.

The property sued for had been levied upon by the defendant, W. A. Culver, as constable, under and by virtue of an execution in his hands issued out of the justice court of J. C. Hogan. The execution was issued on August 5, 1908, and the property was levied on August 8, 1908; the plaintiff in the writ being W. A. Barclift, and the defendants being J. F. and M. L. Vest. The plaintiffs in that suit then executed forthcoming bond to have the property ready for such disposition as might be desired to be made of it on August 20, 1908, and on the 15th day of August, 1908, H. P. Vest instituted suit against the defendant for the property, at that time in the hands of the defendants in execution under their forthcoming bond. When the day for sale came, and the property was not forthcoming, the constable entered a forfeiture on the bond, and returned the same, together with the execution and indorsement thereon, to the court from which it emanated. It is not

[Vest, et al. v. Culver.]

shown that the constable ever had possession of the property after the execution of the forthcoming bond.

PORTER M. BRINDLEY, for appellants. No brief reached the Reporter.

TIDWELL & SAMPLE, for appellee. The bill of exceptions does not purport to set out all the evidence, and the court will presume that there was evidence authorizing the giving of the general charge for the defendants, and refusing a like charge to the plaintiff.— *Childs v. The State,* 58 Ala. 349; *Barnett v. Wilson,* 132 Ala. 378; *Woolf v. Delage,* 150 Ala. 445. The defendant had delivered the property to the execution defendants under a forthcoming bond as provided by sections 4675 and 4677, Code 1907, before this suit was brought, and hence was not in actual possession, could not retake the property, and was, therefore, not liable in detinue.

McCLELLAN, J.—At the time this action of detinue was instituted the property in question was in the possession of the defendants in execution, in the suit of *Barclift v. J. F. and M. L. Vest,* under a forthcoming bond executed by them, and taken in accordance with Code 1907, § 4675. The appellee parted with the possession of the property, upon which he had levied the execution, in strict conformity to the statutory requirements provided. The general rule, that actual possession of or controlling power over the chattel, at the time the suit is instituted, is requisite to maintain detinue, is applicable to this case.—*Cable Co. v. Griffitts,* 160 Ala. 315, 49 South. 577, 135 Am. St. Rep. 100; 6 May. Dig. p. 266.

The appellee here, before suit brought, and before any demand upon him for the chattels by appellant, com-

mitted the possession of the property to the defendants. The plaintiff could not, under these circumstances, recover against appellee. The affirmative charge for appellee was correctly given; and errors, if any, intervening on the trial, were without prejudice to appellant. The several decisions cited in brief for appellant are without application to the facts disclosed by this record.

The judgment must be affirmed.

Affirmed.

SIMPSON, MAYFIELD, and SAYRE, JJ., concur.