# Chappell, *et al. v.* Falkner.

### *Detinue.*

(Decided November 12, 1914.  66 South. 890.)

1. *Detinue; General Issue; Possession.*—Where a defendant pleads
the general issue to an action of detinue, it is an admission of pos-
session of property by defendant at the commencement of the suit,
under Acts 1911, p. 33, and plaintiff need not prove such possession
by defendant.

2. *Same; Demand; Necessity; Tortious Taking.*—A demand is neces-
sary only where the original taking is lawful, and a taking is none
the less tortious because made under a bona fide claim of owner-
ship; hence, where defendant's granddaughter was living with them
and took possession of plaintiff's cow, claiming it as one she had
lost, and defendants kept the cow as the property of their grand-
daughter, no demand was necessary to enable plaintiff to bring
detinue.

3. *Same; Damages.*—The necessity of a demand to authorize the
recovery of damages for the retention prior to the bringing of the
suit in detinue, cannot be raised by a request for the general affirma-
tive charge, especially where the claim for such damages was ex-
pressly waived by the plaintiff.

4. *Same; Verdict.*—Where the claim for damages for the detention
was expressly waived, a verdict finding for plaintiff for the property
sued for, or its alternative value of $35, is in substantial compli-
ance with the requirements of section 3781, Code 1907.

5. *Charge of Court; Covered by Those Given.*—A requested charge
which is fully covered by requested instructions given may be prop-
erly refused.

6. *Appeal and Error; Review; Conflicting Evidence.*—Where the
evidence is conflicting and irreconcilable, the ruling of the lower
court on motion for new trial will not be reviewed on appeal, where
the motion is based on the ground of the insufficiency of the evi-
dence.

7. *Same; Modifying Judgment.*—Where the verdict was for the
property sued for, but the judgment awarded the plaintiff "the prop-
erty sued for described as one heifer calf," the error in the judgment
can be corrected by the appellate court so as to conform to the
verdict.

[Chappell, et al. v. Falkner.]

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Detinue by W. A. Falkner against W. J. Chappell and others. Judgment for plaintiff and defendants appeal. Corrected and affirmed.

ALLEN & BELL, for appellant. To authorize a judgment in detinue, the evidence must show that at the time of the commencement of the suit, the property in controversy was in possession of defendant.—*Salter v. Pearce,* 4 Ala. 669; *Pearce v. Hill,* 9 Port. 151; *Oliver v. McClellan,* 21 Ala. 76; *Henderson v. Phelps,* 58 Ala. 590; *Gilbreath v. Jones,* 66 Ala. 129; *Berlin M. Wks. v. C. F. Co.,* 112 Ala. 488; *Jesse-F. Co. v. Bradley,* 138 Ala. 177. The evidence showed that the animal in controversy was owned and claimed by a granddaughter of defendant, was wholly her property, subject to her control and no claim or right of possession was made thereto by the grand parents.—*Behr v. Gerson,* 95 Ala. 438; *Bolling v. Kirby,* 90 Ala. 224; 14 Cyc. 258. The judgment must be for the specific property sued for and the jury are required to assess the alternate value of each item where plaintiff is not in possession.—*Brown v. Brown,* 5 Ala. 508; *Rambo v. Wyatt,* 32 Ala. 363; *West v. Hayes,* 120 Ala. 92; sec. 3781, Code 1907. A failure to do so is reversible error.—*Jones v. Anderson,* 76 Ala. 427; *McCullough v. Floyd,* 103 Ala. 448; *Savage v. Russell,* 84 Ala. 103. The judgment of the court must follow the verdict of the jury or it is void.—Authorities supra, and *Green v. Lewis,* 85 Ala. 221; *Auerbach v. Blackmon,* 57 Ala. 616; *Harris v. Dillars,* 31 Ala. 191. Counsel discuss the refusal of the court to grant motion for new trial, but without citation of authority.

L. J. COX, for appellee. Unless the original taking was lawful, a demand is not necessary.—*Brock v. Head-*

[Chappell, et al. v. Falkner.]

*en,* 13 Ala. 370; *Worthington v. Rhodes,* 39 South. 614; 14 Cyc. 252. Wrongful detention and not ownership is the gist of the action.—*Gilbreath v. Jones,* 66 Ala. 129; *Bolling v. Kirby,* 90 Ala. 216. The judgment does not have to follow the verdict literally. The verdict and judgment was regular.—Sec. 3781, Code 1907. There was no error in overruling motion for new trial.—*Cobb v. Malone,* 92 Ala. 630. The charges refused were substantially covered by the charges given.—*Boyd v. State,* 154 Ala. 9.

THOMAS, J.—The appellants, who were the defendants in a detinue suit, appeal from the judgment against them, and assign as error, among other things, the refusal of the lower court to give the affirmative charge in their favor, here urging that it should have been given for two reasons: First, because the evidence failed to show that the defendants were in possession of the property at the time the suit was brought; and, second, because the evidence failed to show that the plaintiff made any demand on defendants for the possession of the property prior to bringing the suit.

With respect to the first contention, and as a complete answer thereto, without further consideration, it need only be said that the common-law rule, previously obtaining in this state, requiring the plaintiff in a detinue suit, when the defendant pleads the general issue, to prove possession in defendant of the property at the time of the commencement of the suit, has been abrogated by statute (Gen. Acts 1911, p. 33), which declares, among other things:

"That the general issue, when pleaded in a detinue suit is an admission of the possession by defendant of the property sued for at the time of the commencement of the suit."—Gen. Acts 1911, p. 33.

The other contention is equally without merit. Demand before suit brought is not necessary to the maintenance of an action of detinue, except in cases where possession has been lawfully acquired and a demand is essential to the termination of the relationship under which it is held.—3 Mayf. Dig. 53; *Foster v. Johnson*, 13 Ala. 379; *Worthington v. Rhodes,* 145 Ala. 656, 39 South. 614; *Black v. Slocumb Mule Co.,* 8 Ala. App. 443, 62 South. 308. Where, as here, the plaintiff's property has been tortiously taken from his possession by another and is held by defendants under a claim of title in that other, who invested them with the possession so acquired by such tortious taking, no demand is necessary. The holding or detention under such circumstances partakes of the character of the taking, and becomes itself tortious and unlawful as to plaintiff without any demand on his part for possession; nor is such taking and holding relieved of its tortious character by the fact, if it be a fact, that the party who took—defendants' granddaughter—and defendants, who hold under her, acted and are acting in so doing in good faith, honestly believing it was and is her property. The owner of property is none the less injured by one who honestly takes it, without his consent, under a bona fide belief that it belongs to the taker, than he is by one who feloniously takes it, without his consent, knowing that it does not belong to the taker. The act of each of such takers would be tortious as against the owner, a trespass de bonis asportatis, the first only a civil and the latter both a civil and a criminal trespass. The bona fides of the wrongful taking is material in a civil suit only as bearing on the question of punitive damages, and then only in an action appropriate to their recovery.

25 CA

The evidence in this case tended to show that the plaintiff owned the animal sued for, that the granddaughter of the defendants, who was a minor living with them, lost an animal of the same kind and description, and that in searching for the lost animal the granddaughter found the animal here sued for near plaintiff's premises, and took it home, she and the defendants asserting then and now that it is her property—the lost animal—and offered evidence tending to show such fact. Under such circumstances, which were without dispute, no demand was necessary to render the defendants' detention unlawful, if the property belonged to the plaintiff, which was the only question in dispute.—Authorities supra.

A demand before bringing suit is sometimes necessary in a detinue case as a predicate for the recovery of damages for detention prior to the bringing of suit, even though it be not necessary as a prerequisite to the recovery of the property itself (3 Mayf. Dig. 53); but clearly such a question cannot be raised by a request on the part of the defendant for the general affirmative charge.—*Hodges v. Kyle,* 9 Ala. App. 458, 63 South. 761. Besides, it may be stated that in this case the claim for all such damages was expressly waived before the jury retired, and none were recovered.

What we have said disposes of all of the refused charges except the one made the basis of the fourth assignment of error, with respect to which it is sufficient to say that it is fully covered by given charge No. 1.

Under the rules laid down by our Supreme Court governing appellate courts in the review of the actions of trial courts on motions for new trials, it is so clear, upon reading the mass of conflicting and irreconcilable evidence coming from the mouths of the many witnesses, pro and con, in the case at bar, that we should not dis-

turb the action of the lower court in overruling the motion for a new trial, as to save the necessity of any discussion to demonstrate that fact.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738. We cannot think that appellants' learned counsel are serious in their contention that we should disturb it.

The verdict of the jury, which was as follows: "We, the jury, find for the plaintiff for the property sued for, or its alternate value of $35.00"—is, when reasonably interpreted—and construed in the light of the issues submitted to the jury, in substantial conformity with the requirements of section 3781 of the Code. It is an express finding for the plaintiff for the property sued for and an implied finding that the value of that property, which the complaint discloses was *"one red cow,"* was $35. Whatever else this verdict may contain is surplusage. Any finding as to damages for detention was properly omitted, as all such damages were, as before stated, previously waived.

The judgment of the court, after reciting in usual form this verdict, proceeded as follows:

"Whereupon it is ordered and adjudged by the court that the plaintiff have and recover of the defendant the property for which he sues, and described in the complaint as follows: *One heifer calf;* and if the same cannot be had, then that the plaintiff have and recover of the defendant the sum of $35, being the alternate value of said *calf* so assessed by the jury as aforesaid, together with all costs in this behalf expended," etc.

It is thus seen that the judgment correctly follows the verdict in adjudging that the plaintiff have and recover of the defendant the property sued for, if to be had, and if not, then its alternate value of $35, as found by the jury, but goes beyond the verdict in incorrectly reciting that the property sued for as *"one heifer calf,"*

whereas, in fact, it is *"one red cow,"* as before stated. This error in the judgment will be here corrected by so amending the judgment as to make it conform to the verdict and pleadings, and, as so corrected and amended, the judgment is affirmed.

Corrected and affirmed.