(80 South. 630)

CLARK v. BOUTWELL et al.  (4 Div. 524.)

(Court of Appeals of Alabama.  Nov. 19, 1918. On Rehearing, Dec. 17, 1918.)

1. APPEAL AND ERROR ⬅➡643(5) — RECORD — CERTIFICATE OF CLERK—WAIVER OF IRREGULARITY.

The omission of the clerk to set out the order reviving the suit in the name of the administrator, where original plaintiff had died and his administrator had been substituted, was an irregularity not affecting jurisdiction of court on appeal, and was waived by joinder in error by appellee and submission without objection to the record.

2. DETINUE ⬅➡18—BURDEN OF PROOF—POSSESSION OF PROPERTY.

Ordinarily, plaintiff in detinue has burden of showing that defendant at time of commencement of action was in possession of property, or had parted therewith wrongfully in order to clude the action.

3. DETINUE ⬅➡17—PROOF—PLEADING.

In view of Acts 1911, p. 33, plaintiff in detinue is not required to prove defendants' possession of property, where defendants plead the general issue, for by such plea defendants admit their possession at the time suit was brought.

4. DETINUE ⬅➡17—PROOF.

In detinue, where defendants' pleading of general issue made it unnecessary for plaintiff to prove defendants' possession of property, under Acts 1911, p. 33, it was only necessary for plaintiff to prove a general or special property in the subject-matter of the suit and the right to its immediate possession.

5. DETINUE ⬅➡18 — PROPERTY RIGHTS AND SUBJECT-MATTER—PROOF.

In detinue, plaintiff can prove his general or special property in the subject-matter of the suit by showing that he acquired title from defendants jointly or severally through the same or different conveyances or from any other source.

On Rehearing.

6. DETINUE ⬅➡17—DISCLAIMER AS TO PART OF PROPERTY — RECOVERY OF OTHER PROPERTY SUED FOR.

Under the statute, disclaimer by one defendant in detinue as to part of property does not preclude plaintiff from recovery of other property sued for, and as to which the defendants pleaded the general issue upon establishing title and right to immediate possession thereof.

Appeal from Circuit Court, Coffee County; R. I. Jones, Judge.

Action by D. D. Clark, as administrator of the estate of D. W. Clark, deceased, against J. M. Boutwell and another.  Judgment of nonsuit, and plaintiff appeals.  Reversed and remanded.

J. A. Carnley, of Elba, for appellant.
W. W. Sanders, of Elba, for appellees.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BROWN, P. J. [1] The certificate of the clerk authenticating the record evidences the fact that the transcript filed here is a transcript ·of the record and proceedings of the circuit court of Coffee county in the case of D. D. Clark, as administrator of the estate of D. W. Clark, deceased, against J. M. Boutwell and J. N. Boutwell, and the evidence set out in the bill of exceptions shows that D. W. Clark, the original plaintiff, is dead. While the omission of the clerk to set out the order reviving the suit in the name of the administrator is an irregularity, it is not one affecting the jurisdiction of this court on appeal, and appellee by joinder in error and submission without objection to the record will be held to have waived this irregularity. Mobile Mutual Ins. Co. v. Cleveland, 76 Ala. 321.

[2] Ordinarily, one of the elements of the burden of proof resting on the plaintiff in an action of detinue is to show that the defendant at the time of suit brought was in possession of the property, or that he had actual possession previous to suit brought, and parted with the property wrongfully in order to elude the action. McCurry v. Hooper, 12 Ala. 823, 46 Am. Dec. 280; Cable Co. v. Griffiths, 160 Ala. 315, 49 South. 577, 135 Am. St. Rep. 100.

[3] In this case, however, the defendants, by pleading the general issue, admitted their possession of the property at the time of suit brought, and relieved the plaintiff of this element of the burden of proof. Acts 1911, p. 33; Padgett v. Gulfport Fertilizer Co., 11 Ala. App. 366, 66 South. 866; Chappell v. Falkner, 11 Ala. App. 382, 66 South. 890.

[4, 5] For the plaintiff to recover, therefore, under this state of the pleadings, it was only necessary for him to show that he had a general or special property in the subject-matter of the suit and the right to its immediate possession. Brewer v. Strong, 10 Ala. 961, 44 Am. Dec. 514; 9 R. C. L. 149, § 3. This he could do by showing that he acquired the title from the defendants jointly or severally, through the same or different conveyances, or from any other source.

The rulings of the trial court were not in accord with these views, and the judgment of nonsuit will be set aside and annulled and the cause remanded for new trial.

Reversed and remanded.

### On Rehearing.

[6] Under the general rule of pleading, the effect of a failure of plaintiff to take issue on the defendant's plea of disclaimer would be to confess the plea, which would entitle the defendants to a judgment as to the property the possession of which was disclaimed; but, under the statutory rule, the plaintiff was entitled to a judgment as to this property as against the defendant, who disclaimed without the right to recover costs or damages with respect to this feature of the case. The statute provides:

"That upon the defendant's disclaimer, or upon his failure to appear and plead in such cases, the plaintiff may take judgment against the defendant for the property sued for; and upon proof that the defendant was in possession of the property sued for, at the time of the service of the writ, or at the commencement of the suit, the plaintiff may also recover of defendant the costs in the cause, and the value of the use of the property, while in the possession of such defendant, and may also have the jury to assess the value of the property sued for, and have judgment thereon for the alternative value thereof."

As is now provided by law, the mere fact that one of the defendants disclaimed as to a part of the property is no reason why the plaintiff could not recover as to the other property sued for, and as to which the defendants pleaded the general issue, if he could establish title and the right to its immediate possession.

The application is overruled.

Application overruled.