## DESHA, SHEPPARD & CO. v. SCALES.

1. In a claim to property levied on, where the deed under which the claimant makes title, is set out in his plea, and the replication is, that if any such deed exists, it is not valid in law; such a replication, in a claim cause, does not admit the execution of, or dispense with proof of the deed.

2. Where a deed conveys slaves to one, who by his own note has become liable for the benefit of the grantor in the deed, and the note is held past due by a bank, a stipulation, that the grantee may sell the slaves, to answer any default by the grantor, from time to time, to meet the payments required by the bank, of the grantee, is to be construed as an agreement that the slaves shall remain in the possession of the grantor until such default: and the fact that they so remain, is no badge of fraud.

WRIT of error to the Circuit Court of Talladega county.

Claim of property by Joseph H. Scales to six slaves, levied on by virtue of an attachment in favor or Desha, Sheppard & Co. against Nicholas Scales.

The pleadings are not in the customary form, and in order to a correct understanding of some of the questions raised, require to be stated.

The plaintiffs allege that the slaves levied on, were the slaves of Nicholas Scales, and subject to their attachment, concluding with a verification.

The claimant averred that the slaves so levied on, are not liable absolutely to said attachment, as is by the plaintiff alleged, but on the contrary thereof, he avers that he holds them under and by virtue of a trust deed, executed by the defendant in the attachment on the 21st October, 1840, to the said claimant, whereby the said Nicholas conveyed to the said claimant the said slaves in trust, as is therein specified; by which deed said claimant was authorized, as soon and as often as the said Nicholas should fail to pay punctually all such sums of money as might be required of the said Joseph H. Scales, together with interest from time to time, by the bank of the State of Tennessee at Nashville, due upon a note, dated —— day of August, 1839, drawn by the said Joseph H. Scales, payable to Robert Scales, at the bank of the State of Tennessee, at Nashville, for the sum of three thousand

dollars, due at six months after date; which note is endorsed by Robert Scales and James W. Perkins; and which was discounted by the said bank, and the proceeds paid to the said Nicholas Scales. Claimant avers that said deed has been duly recorded; was made to secure and save harmless the said Joseph H. Scales, in consideration of his liability; and that the same has not been satisfied or discharged by the said Nicholas Scales: and this the said claimant is ready to verify, &c.

The plaintiffs replied, that they ought not to be precluded from the condemnation of the said slaves, by reason of any thing alleged by the claimant, because they say that the said trust deed, if any existed, is not valid in law; but the same, as to these plaintiffs, who are creditors, is fraudulent and void.

At the trial, upon the issue thus made, the claimant introduced a deed, dated 21st October, 1840, executed by Nicholas Scales to Joseph H. Scales, purporting to convey to him the slaves in controversy. This deed contains a recital, that Joseph H. Scales, about the 10th day of August, 1839, at the request of Nicholas, executed his note, payable to Robert Scales, at the bank of the State of Tennessee, at Nashville, for 3,000 dollars, due six months after date; which note was endorsed by Robert Scales and J. W. Perkins, and discounted by said bank, the proceeds being delivered to said Nicholas, he receiving the money for his own use. And being desirous to indemnify and save harmless, the said Joseph, for that consideration, and the further sum of one dollar, has, by the said deed, conveyed the said slaves to said Joseph H., to have and to hold, receive and take into possession of him, the said Joseph H., to the only proper use, benefit and behoof of him, the said Joseph H., his heirs and assigns. In trust, however, and to the intent and purpose, that he, the said Joseph H., may, as soon and as often as the said Nicholas may fail to pay punctually all such sums of money as may be required of the said Joseph H., together with the interest, &c, from time to time, by the bank aforesaid, until the said debt shall be fully paid and discharged, to the said Joseph H. by the said Nicholas, sell and dispose of the property herein conveyed, or so much thereof as shall be sufficient to pay off the said debt and interest, &c., according to the amount or amounts which may be called for by the bank from time to time; to sell to the highest bidder for cash, by giving 20 days' public notice.

At the foot of the deed is an acceptance of the trust by Joseph H., and upon it is endorsed the certificate, of the clerk of the county court of Talladega county, that Nicholas Scales acknowledged before him, that he signed, sealed and delivered the foregoing deed to the person therein named on the day that it bears date. This certificate is of the same date as the deed. There is also endorsed upon it, the certificate of the clerk, that it was received for record on that day, and that it is recorded in his office.

The plaintiff objected to reading the deed—1st, because there was no proof of its execution; 2d, because the certificate of the clerk was informal. The objections were overruled, and the deed allowed to be read without proof of its execution, other than the certificates endorsed upon it.

The claimant offered to read the deposition of a witness, to which the plaintiffs objected, on the ground that it was brought into court by the claimant himself. It was shown by his oath, that he had himself received the deposition from the commissioner, sealed up, and that it had undergone no alteration, erasure or addition since its receipt from the commissioners. This objection was overruled.

This deposition was also objected to, on the ground that the affidavit, upon which the commission issued, was insufficient; and because the commissioner does not properly certify the deposition. The affidavit is made by the attorney of the claimant, who states that he is advised, and verily believes, and, therefore, deposes, that the witness resides out of the State, to wit, in Tennessee, and that he will be material for the claimant. The certificate of the commissioner is in the usual form, except that in the caption of the certificate, the commission is stated to have been issued from the circuit court of —— county, in the State of Alabama.

This deposition declared, that the note executed by Joseph H. Scales in August, 1839, was renewed, from time to time, by the same parties, until reduced to 500 dollars, which sum was due when the deposition was taken. The witness did not know who paid the renewal, except one of 200 on a 700 dollar note. That was paid by Robert Scales.

The plaintiffs proved that Nicholas Scales had retained the

possession of the slaves from the execution of the deed until the levy.

On this state of proof, the plaintiffs requested the court to charge the jury, that if the note, in the trust deed mentioned, was paid off and discharged before the levy, they should subject the property. This charge was given, with the qualification, that if a security paid the debt or the note, or the trust deed mentioned was extended, the deed still subsisted.

The court charged the jury, that the legal construction of this deed authorized Nicholas Scales to retain possession of the property; and that such retention, though unexplained, is no evidence of fraud or unfairness.

The plaintiffs excepted to the ruling of the court in these several matters; and the same are now assigned as error.

W. P. CHILTON, for the plaintiffs in error, submitted the following points:

1. The deed should have been established by proof. [Bradford v. Dawson, 2 Ala. Rep. 208.] Nor is this rendered unnecessary by the allegation that the deed, if it existed, was fraudulent. [1 Mass. 71; 1 Wash. 325; Ross v. Gould, 5 Greenl. 204.]

2. The certificate of registration does not pursue the statute. [Clay's Dig. 153, § 7.]

3. The charge of the court upon the construction of the deed was incorrect. By the retention of the property, the grantor acquires a fictitious credit. The deed provides the possession shall enure to the use of the vendee; it is, therefore, inconsistent that it should remain with the vendor.

4. But if the retention is consistent with the deed previous to a default, afterwards it is a badge of fraud. [Randall v. Cook, 17 Wend. 53.]

5. The statute only gives the right to *improve* testimony by *interrogatories*. [Clay's Digest, 165, § 3.] When the evidence is taken in the first instance, it should be by deposition, and the oath cannot be made by attorney.

BOWDON, *contra*, argued—

1. That it is immaterial which is first in order, the reading or proof of the deed; and the party had the right to introduce his

proof in his own way. [3 Ala. Rep. 543, 371; 1 ib. N. S. 83.] The execution of the deed, however, is admitted by the pleadings. [1 Phil. E. 170; 2 ib. 444, note 331; Greenl. Ev. 33; 1 Chitty's Plead. 605.]

2. The deed was properly registered. [2 Ala. Rep. 203.]

GOLDTHWAITE, J.—Without entering into a consideration of the antiquated learning, with respect to the effect of a *protestando* in pleading, we shall confine ourselves to the expression of our opinion, that this issue must be considered as involving an inquiry into the execution of the deed. The issue itself is irregular, and more circumscribed than it should have been, inasmuch as the plaintiff in execution is only bound to show that the property levied on was subject, either in whole or in part, at the time of the levy. The claimant only puts in issue his right of property under the deed, when, from our previous decisions, it is well settled, that the interest remaining in the defendant in execution, until the property is taken out of his possession under the deed, is the subject of levy and sale. [Planters' and Merchants' Bank v. Wills, 5 Ala. Rep. 770.] But conceding the issue here to be upon the right existing under the deed, we think the plaintiff's replication cannot be construed as an admission of the execution. In our opinion, it was incumbent on the claimant to prove his deed, and in this view, the case is directly within the decisions of Bradford v. Dawson, [2 Ala. Rep. 203,] Ravises v. Alston, [5 ib. 297.] It is urged, however, that the whole proof does not appear in the bill of exceptions, and as the party could read the deed, or prove it first, according to his pleasure, we ought to intend that it was subsequently proved. The rule is, we believe, to prove a written instrument when offered as evidence, before reading it.— Our conclusion is, that the deed was improperly admitted upon the certificates of registration.

2. The deed does not specify with whom the possession of the property is to be, until the default upon which a sale is permitted; but we think the legal inference is, that the parties intended it should remain with the grantor until he should be in default by suffering the call of the bank for payment, to remain unsatisfied. This was the construction given by the circuit court, and it seems entirely free from error.

3. The other questions, if they are material to be settled, seem

to be concluded by the case of Bradford v. Dawson, before cited, and by the statutes prescribing the manner of taking depositions.

Judgment reversed, and cause remanded.