## BROCK v. HEADEN.

1. To authorize the reading of a deed of trust in evidence, the execution of the deed must be proved, though it is recorded.

2. To authorize the registration of a deed of trust, the certificate of the probate should show, that it was executed on the day and year mentioned in the deed, and that the witnesses subscribed it in the presence of the maker of the deed, and in the presence of each other.

3. A provision in a deed of trust, that the trustee may wait until required by the *cestui que trust* to sell, does not have the effect to postpone the law day of the deed, the trustee being authorized to sell upon default of payment of the debt secured, nor is it a circumstance from which fraud can be inferred, that the trustee is invested with a discretion, as to the manner of selling.

4. When a deed is not read as a recorded instrument, it is not an error prejudicial to the party against whom it is offered, that the clerk is permitted

Brock v. Headen.

to prove, that the deed was proved before him, as stated in his certificate; though such proof might be improper, unless the certificate was attacked for fraud, or a clerical mistake attempted to be shown.

5. A demand before action brought, is not necessary, unless a demand is necessary to render the detention unlawful.

6. A sale of goods enclosed in boxes, and not exposed to view, is evidence of fraud; yet it cannot have the effect to render the deed of trust void, if *bona fide* in its creation. *Quere*—If the goods were of value sufficient to satisfy the demand of the creditor who caused the sale to be made, and there was no other demand to be satisfied out of the assigned effects, whether a court of law could declare the deed inoperative by reason of such sale?

7. After the law day has passed, if the demand secured by the deed has not been satisfied, the trustee may recover by suit the property conveyed by the deed, which has not been disposed of according to the requisitions of the trust. without being required, in a proceeding at law, to account for the property sold, or for that which remains. If the deed is satisfied, it devolves on the other party to show it.

8. When a demand is proved to be extinguished, it is not necessary to produce the note which was the evidence of it.

Error to the Circuit Court of Benton. Before the Hon. G. W. Lane.

THE defendant in error, who was the plaintiff below, sued Brock in an action of detinue, to recover a carryall and horse, alledged to have been unlawfully detained from him.

The declaration contains two counts—the first an ordinary count upon a bailment; the second count avers, "that the defendant, on the day and year aforesaid, &c., was indebted to the said plaintiff in the sum of two hundred and twenty-five dollars, for goods, wares and merchandize, sold and delivered by the plaintiff to the defendant, at his request, to wit, for a certain carryall and horse, to be paid for by the said defendant, when he should be thereunto thereafter requested, whereby, and by reason of said last named sum of money being and remaining wholly unpaid, an action hath accrued to said plaintiff, to have and demand said last mentioned sum, &c. The defendant, Brock, demurred to each of the two counts separately, and to the whole declaration. The court overruled the demurrer, and thereupon the

Brock v. Headen.

defendant pleaded to the first count, *non detinet*, and to the second count, *nil debit.* Verdict and judgment for the plaintiff for the property, or its alternate value.

On the trial, a bill of exceptions was sealed, presenting the following facts: The plaintiff below claimed the property by virtue of a deed of trust executed to him as trustee for for the use of Hudson & Brockman, creditors of the maker, by one John H. Remly, dated the 23d February, 1839, by which the property sued for, with land and other articles, is conveyed to said trustee, to secure a debt of $550, due Hudson & Brockman, the 25th December, 1839. The deed provides, that unless Remly shall pay said debt, and the expenses of the deed, by the time the debt falls due, or as soon thereafter as requested by the said *cestui que trusts*, then upon the requisition of the said beneficiaries, the said trustee is required to sell the said property, at such time as he may deem most likely to promote the interest of the parties concerned, and out of the proceeds to pay said Hudson & Brockman their debt, and the remainder, if any, to be paid to said Remly. This deed was admitted to record upon the following certificate: "State of Alabama, Benton county. Before me, M. M. Houston, clerk of the county court for said county, came John Moore, one of the subscribing witnesses to the foregoing deed of trust, who, after being duly sworn, deposeth and saith, that he signed the same as a witness, in the presence of James Nesbit, the other subscribing witness, and that he saw the said John H. Remly, the grantor, sign, seal and deliver the same to James N. Haden, the trustee, on the day the same bears date, and for the purposes therein mentioned. Given under my hand at office, the 28th February, 1839. Signed,

Recorded 28th Feb'y, 1839.　　M. M. Houston, Cl'k."

The defendant objected to the introduction of this deed, on the following grounds: 1. Because it was not sufficiently proved. 2. Because he contended it was fraudulent on its face. The court sustained the first objection, and referred the *bona fides* of the deed to the jury, deciding that it was not void on its face. The plaintiff then proved its execution, and read it to the jury, as also the certificate of its probate, which was shown by the evidence of Houston to

have been made on the day it bears date. The evidence conduced to show, that the defendant below, in 1840 or '41, had purchased the property sued for of Remly, the grantor in the deed of trust. That he had no knowledge of the existence of the deed. That the horse was drowned soon after he purchased him, and that he had left the carryall in the State of Georgia, with his sister, some five or six years previous to the institution of the suit.

The defendant proved a declaration made by Hudson, one of the beneficiaries in the deed, that the sale of the trust property, made for his benefit, amounted to over $200, but that a considerable portion of the debt secured to be paid by said deed, remained unpaid. No other proof of indebtedness was shown, and the note described in the deed was not produced. A witness also testified, that at the request of said Hudson, he had sold some of the property named in the deed, consisting of boxes nailed up, and which were sold without being opened; the goods contained in them, not being shown. These sales were made by a person other than the trustee, and amounted to $20 or $23.

The court was asked to charge the jury—1. That the above named mode of disposing of the property was evidence of fraud in the execution of the trust, but the trustee not being a party to the sale, the court refused the charge.

2. The court was asked to charge, that the plaintiff, in order to recover, must account for the value of the property, or the property itself, which was not shown to have been disposed of. This charge was also refused.

3. Further—That the plaintiff could not recover unless he showed the proceeds of the sales made under the deed, had been applied towards the payment of the demand secured by it, which was likewise refused.

. 4. Also—That the deed was fraudulent on its face, because there was no time specified in it when the trustee was to sell, and because it did not provide whether the sale to be made under it, should be made publicly or privately, and upon what notice. This charge being also refused, the court charged the jury, that to entitle the plaintiff to recover, the jury must be satisfied by proof that the deed was actually executed by Remly, for the security of a debt due from him to

Hudson & Brockman, subsisting at the time of its execution, and that said debt, or a part of it, was still unpaid. That Remly owned the property sued for at the date of the deed; that it was in defendant's possession at the commencement of the suit, was the same conveyed in the deed, that plaintiff had demanded them before suit brought, and if it be shown that defendant had purchased the property, then they must further find that they had knowledge of the existence of the deed before he made such purchase. That the statement made by Hudson, as called out by the defendant, might be regarded as evidence of a subsisting demand. Also, that although plaintiff must prove the debt due which the deed secures, yet if he have proved it once existed, its continuance would be presumed, until defendant should prove its payment. Further, that if the property had been shown to have been in possession of the defendant, the law presumed it so continued until the contrary was shown. The defendant excepted to the various decisions of the court, and now assigns as error—

1. That the court permitted the trust deed to be read in evidence.

2. In permitting the evidence objected to as shown by the bill of exceptions.

3. In refusing to give the charges prayed for by the defendant, and in the charges given; and

4. In overruling the demurrer to the declaration.

WOODWARD & MORGAN, for plaintiff in error.

Where a count in detinue is on a special bailment, the particular bailment need not be proved, but some bailment must be proved. The proof in this case does not show a bailment; the charge of the court, therefore, which assumed that the plaintiff was entitled to recover upon the state of facts attempted to be made out by plaintiff under the bailment count was erroneous. 1 Saund. on Plead. and Ev. 433; 2 Steph. N. P. 1312. The proof, as appears from bill of exceptions, would not sustain the count in debt. 2 Chit. Pl. 594, note.

The deed ought not to have been admitted on proof of its execution merely, but it should have been shown that it was executed at the time when it purported by its date to be ex-

ecuted, before it could be read to the jury. 5 Ala. R. 300; 8 Id. 363.

The declarations of Hudson respecting the consideration, as proven by witness, Allen, were incompetent; the note was the best evidence, and should have been produced.

The case of Graham v. Lockhart, 8 Ala. Rep. 9, is unlike this; in that case the deed was for the protection of securities of the debtor, who of course had no control of the notes in possession of payee. This deed was for the benefit of Hudson, the creditor, and his interest in the deed was such, that trustee should have produced the note. Selling goods at the instance of Hudson, beneficiary of the deed, boxed up without exhibition of them, was a circumstance well calculated to excite suspicion of fraud, and the court should have given the charge asked with respect to that portion of Allen's evidence.

The court erred in charging the jury, that if there was proof that defendant was ever in possession, the presumption was that he continued in possession until suit brought, unless proved that it went out of his possession. There being proof that the horse was drowned shortly after defendant purchased, defendant was certainly not liable for him, and the above charge was calculated to mislead. Plaintiff must show actual possession in defendant at the time of bringing suit.

S. F. RICE, for defendant.

CHILTON, J.—1. The circuit court did not err in permitting the trust deed to be read in evidence to the jury. It was not read upon the certificate of registration. This would not be proper in any case, as our statute authorizing deeds properly recorded to be evidence without further proof of execution, applies to absolute deeds, and not conveyances of this description. Bradford v. Dawson & Campbell, 2 Ala. Rep. 203; Desha & Sheppard v. Scales, 6 Ala. Rep. 356.

The certificate of the probate of the deed is not in conformity to the statute. Clay's Dig. 152, § 7. This requires that the witness should swear to the subscription of the party executing it, setting out the name,—that the witness subscribed in the presence of the maker of the deed, *and in the*

*presence of each other*, and on the day and year named in said deed. These are guards which the legislature have thought proper to throw around the proof of execution of deeds to prevent frauds, and as the act prescribes the form to be observed, the courts cannot dispense with a substantial compli- ance with it. Phipps v. McGehee, 5 Por. 413. It is clear the deed is not void upon its face. The only objections urged to it are, that there is no time fixed when the trustee shall execute the trust, but that the time of the sale is to de- pend upon the volition of the *cestuis que trust*. The trustee, by the deed is authorized to sell the property upon default of payment of the debt secured, when it falls due, and the fact that he *may* wait until he is required by the *cestuis que trust* to sell, does not have the effect to postpone the law day in the deed. See 8 Ala. Rep. 694. So, neither is it a circum- stance from which we may infer the deed fraudulent, that the grantor invests the trustee with a discretion as to the manner of selling, whether privately or publicly. It may often times be highly beneficial to all concerned, to vest in the trustee a liberal discretion as to the disposition of the trust property. The courts will hold him responsible for any abuse of that discretion by which an injury is worked to the prejudice of the parties. In Vernon v. Smith & Morton, 8 Dana R. 251, it is held, that a stipulation in a trust deed that salaries shall be paid the trustees out of the trust property—that they may employ agents and pay them out of the trust funds, is neither indicative of fraud, or improper.

2. The admission of evidence by Houston, the county clerk, who testified that the deed was proved before him as stated in the certificate, though such proof might be impro- per, unless the certificate should be attacked for fraud, or a clerical mistake attempted to be shown, cannot be regarded as an error prejudicial to the plaintiff in error. The deed was not read as a recorded instrument, and consequently, this proof, which was not allowed to dispense with proof of its execution by other witnesses, could not prejudice the party. We see no error in the admission of evidence.

3. The charges given by the court are perhaps more favor- able to the plaintiff in error, than by law he was entitled to ask. This court has uniformly held that a demand before

action brought is not necessary, except where it was required to render the detention of the defendant unlawful, as, for example, where it terminates the relation of bailor and bailee. Bettes, adm'r, v. Taylor, 8 Porter's Rep. 564.   The point as to whether the plaintiff is bound to prove a bailment to sustain his first count, is not presented by the record.   The defendant, if he desired to raise that point, should have asked a charge involving it.

That a sale of goods inclosed in boxes, and not exposed to the view of the bidders, is evidence of fraud, and highly reprehensible, there can be no doubt.   But it is shown in this case that the plaintiff below had no connection with this sale; and while the maker of the deed, or any one interested, could set aside the sale upon an appropriate application, and charge the *cestui que trust* with the actual value of the goods so sold, yet it cannot have the effect to render the trust deed void, if in its creation it was *bona fide.*   If the goods thus sold were of value sufficient to satisfy the demand of Hudson & Brockman, who caused the sale thus to be made, and there was no further claim to be satisfied out of the effects assigned, it might become a question whether the deed could be asserted against Brock, the purchaser; but even in this case, we apprehend a court of law could not in this collateral way declare the deed satisfied, by reason of damages accruing to the maker on account of the unlawful or fraudulent sale or conversion of the property by the *cestuis que trust.*   As, however, the point does not necessarily arise in this case, we will leave it open.

The charge asked was, that the deed should be considered fraudulent, from the mere fact that a portion of the property conveyed was sold in an improper manner, and this, without respect to the value of the property, or the injury which may have resulted from the act.   It is not shown that any one was injured by the sale, or, that if the goods had been offered in the regular way, they would have sold for more. Under such a state of facts, it would be going too far to say that the demand must be regarded as paid, and the property discharged from the trust.

The second charge asked was obnoxious to the same ob-

jection urged to the first. A stranger to the trust could not require the trustee to account for the property conveyed by the deed, and which had not been disposed of. We do not wish to be considered as deciding, however, that a *bona fide* purchaser of property left in the possession of the grantor in a trust deed, from such grantor, may not show the property he purchased has been discharged of the trust by reason of the payment or satisfaction of the debt secured by the deed; nor, that the deed can be held over the property of a debtor, for the fraudulent purpose of screening it from the payment of his debts; for it is too well settled to require the aid of authority to sustain the position, that a deed, valid at its inception, may become inoperative as a security by matter *ex post facto.* The point we decide here is, that after the law day, and before the extinguishment of the demand secured, the trustee has a right to recover by suit the property conveyed by the deed, and which has not been disposed of according to the requisitions of the trust, without being required, in a proceeding at law, to account for the property sold, or for that which remains. If the defendant alledges a satisfaction of the deed by sales of property or otherwise, he must prove it.

The declarations of Hudson would clearly have been incompetent, if offered by the plaintiff below, but they were offered by the defendant, and of course he is estopped from gainsaying their effect as evidence, and it was not indispensable that the note, which was the evidence of the demand, should have been introduced, after this proof was made. The case of Lockhart v. Graham, 8 Ala. R. 9, is in point.

The demurrer was properly overruled. The declaration is in the usual form, (see 2 Ch. Pl. 594,) and conforms to the precedents in the books. It results from what we have said, that there is no error shown by the record.

Let the judgment be affirmed.