## JACOWAY VS. GAULT AD. OF LOUPE.

A mortgage, not acknowledged, or proven, and recorded, as required by the statute, is not valid as against subsequent purchasers. (4 *Eng.* 112; 18 *Ark.* 105.)

A substantial compliance with what the statute requires to be done as to the acknowledgment of deeds, etc., affecting real estate, ought affirmatively to appear from the certificate. (17 *Ark.* 217; 15 *Ib.* 246.)

A literal compliance with the statute prescribing the form of acknowledgment of deeds, is not required: words of equivalent import may be used, as where, instead of certifying that the party had *executed* the deed, the words "signed, sealed and delivered the same," are used.

But important words omitted in the certificate of acknowledgment cannot be supplied by intendment, as where the words "for the consideration and purposes therein set forth," prescribed by the statute, are omitted.

OF THE STATE OF ARKANSAS. 191

TERM, 1859.]                Jacoway vs. Gault ad. of Loupe.

*Appeal from the Circuit Court of Yell County in Chancery.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

WATKINS & GALLAGHER, for the appellant.

It is well settled that a deed defectively acknowledged cannot be admitted to record, and if such a deed be improperly admitted to registry, it is of no avail as constructive notice. *Main et al. vs. Alexander,* 4 *Eng.* 112; *Blagg vs. Hunter,* 15 *Ark.* 249; 3 *Md. Ch. Decis.* 57; 7 *Geo.* 432; 24 *Verm.* 560.

There are two fatal defects to the acknowledgment of the deed by Atchiscn to Loupe: The grantor did not acknowledge that he signed the deed for the " purpose and consideration therein expressed;" and there is no reference to any deed or instrument of writing at all—the word *same,* used in the certificate, has no reference to the deed.

JORDAN, for the appellee.

The certificate that Atchison signed, sealed and delivered the deed, carries with it a full acknowledgment of all the deed contains; as fully and amply as if he had declared that he executed it for the consideration and purposes therein contained. The precise language of the statute need not be used to make the acknowledgment of a deed valid. If the language, in its legal import, is tantamount to the words of the statute, it is a full compliance with it. The following authorities are submitted to show that the acknowledgment, though not a literal compliance with the statute, is a substantial one. *Jackson vs. German,* 2 *Con.* 552; *Den vs. Hamilton,* 7 *Halst.* 109; *Birney vs. Haim,* 2 *Littell.* 267; *Nantz vs. Bailey,* 3 *Dunn* 113; 3 *Verm.* 281; *Hind's Lessee vs. Longworth,* 11 *Wheat.* 199.

The most liberal construction should be given to the acknowledgment of deeds, to uphold and sustain the title to property. *Biscoe et al. vs. Byrd et al.,* 15 *Ark.* 660.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was a bill to foreclose a mortgage, determined in the Yell Circuit Court.

The bill was filed by Joseph Loupe against Joseph Atchison, the mortgager, and his wife, and Benjamin J. Jacoway, a subsequent purchaser. A decree of foreclosure and sale of the mortgaged premises was rendered against Atchison and Jacoway, and the latter appealed.

The contest here is between Loupe, the mortgagee, and Jacoway.

The mortgage (upon a tract of land situated in Yell county) bears date 2d December, 1851, and is signed by Atchison and wife, Molcy J. Attached to it is the following certificate:

" THE STATE OF ARKANSAS,  
   COUNTY OF YELL.

This day personally appeared before me, N. S. Jennings, an acting justice of the peace, in and for said county, Robert Atchison and Molcy J. Atchison, both personally known to me, and acknowleded that they signed, sealed and delivered the same in my *presants*.

Given under my hand this 2d December, 1851.

N. S. JENNINGS, <i>J. P.</i>"

There is also appended to the mortgage, a certificate of the clerk and recorder of Yell county, that it was filed for record in his office, on the 15th day of December, 1851, and duly recorded.

Jacoway purchased the land embraced in the mortgage, of Atchison, for a valuable consideration, and obtained a deed of himself and wife therefor, on the 18th day of December, 1851.

He states in his answer, that he purchased in good faith, without notice of the mortgage, and submits that the certificate of acknowledgment attached to the mortgage was informal, and insufficient to authorize its registration, and that the filing of it in the recorder's office did not operate as a legal constructive notice to him of the existence of the mortgage when he purchased the land.

The case was heard upon the pleadings and exhibits, and an agreement of parties, that the mortgager remained in possession of the land until Jacoway purchased, when he took possession of it.

There is no question before us as to the validity of the exetion and acknowledgment of the mortgage by Mrs. Atchison, and no decree appears to have been rendered against her, and there was no appeal by her, or her husband.

Was the certificate of the justice of the peace of the acknowledgment of the mortgage by the mortgager, sufficient?

A mortgage not acknowledged, or proven, and recorded, as required by the statute, though good between the parties to it, is not valid as against subsequent purchasers or incumbrancers of the mortgaged premises, though they may have actual notice of the existence of the mortgage. *Gould's Dig. ch.* 117, *sec.* 2; *Main et al. vs. Alexander,* 4 *Eng. R.* 112; *Hannah ad. vs. Carrington,* 18 *Ark.* 105.

Mortgages must be acknowledged before some person authorized by law to take the acknowledgment of deeds, etc. *Gould's Dig., ch.* 117, *sec.* 1.

The acknowledgments of deeds and instruments of writing for the conveyance of real estate, or whereby such real estate is to be affected in law or equity, shall be by the grantor appearing in person before the court or officer having the authority by law to take such acknowledgment, and stating that he had "executed the same for the consideration and purposes therein set forth." *Ib. ch.* 37, *sec.* 18.

Every court or officer that shall take the proof or acknowledgment of any deed of conveyance of real estate, etc., shall grant a certificate thereof, and cause such certificate to be endorsed on said deed, etc., etc. *Ib. sec.* 16.

All deeds and other instruments in writing, for the conveyance of any real estate, or by which any real estate may be affected, in law or equity, shall be proven or duly acknowledged in conformity with the provisions of this act, before they, or any of them shall be admitted to record. *Ib.* 22.

A substantial compliance with what the statute requires to be done, ought affirmatively, to appear from the certificate. *Trammell vs, Thurmond*, 13 *Ark*. 217; *Blagg vs. Hunter*, 15 *Ark*. 246. A literal compliance with the statute is not required—the words of the statute need not be used—words of similar import may be employed, but the Courts cannot dispense with a substantial compliance with the statute. 13 *Ala*. 376; 5 *Port*. 413; 11 *Wheat*. 208; 9 *Mo*. 510.

Courts cannot, by intendment, supply important words omitted in the certificate, 11 *Cow*. 131; *Cow. & Hill's notes on Phil. Ev.*, *part* 2, 402.

In the certificate before us, the word " *same* " has no antecedent, but the certificate being attached to the deed, perhaps the word *deed*, mortgage or instrument might be supplied by *intendment*, if this were the only defect in the certificate. So the words, " *signed, sealed and delivered*," employed in the certificate, are equivalent to the word " *executed*," used in the statute. But the words " *for the consideration and purposes therein set forth*," used in the statute, are wholly omitted in the certificate, and no words of similar import substituted therefor. We must suppose that these words were inserted in the statute for some useful purpose, and we have been able to find no authority to warrant their omission.

If they are to be disregarded, why not disregard any other provision of the statute? Where is the line to be drawn between what is essential, and that which is not essential?

The certificate, taken altogether, is exceedingly informal and defective, and to sustain it, would be to disregard the plain provisions of the statute.

The decree of the Court below must be reversed, and the cause remanded, with instructions to dismiss the bill for want of equity, as to appellant.