# Black *v.* Slocumb Mule Company.

## *Detinue.*

(Decided April 23, 1913.   62 South. 308.)

1. *Contracts; Extension of Time; Consideration.*—A partial payment on a past due debt is not a consideration which wil support an agreement extending the time of the payment of the debt.

2. *Chattel Mortgages; Right of Mortgagee; Default.*—Where the mortgagor fails to pay the mortgage debt at maturity, the mortgagee of chattels becomes entitled to the possession of the mortgaged chattels and the right to maintain detinue therefor.

[Black v. Slocumb Mule Co.]

3. *Same; Extending Time of Payment; Consideration.*—An agreement by a chattel mortgagee, made on receipt of a partial payment after the maturity of the debt, unsupported by any other consideration, to carry the mortgagor for a time, does not impair the right of the mortgagee to possession of the mortgaged chattels, or impose a condition to his right to maintain detinue for their recovery.

4. *Detinue; Demand; Necessity.*—Unless it is necessary to change a rightful possession into an unlawful detention, a demand is not necessary to authorize one to maintain detinue; the service of the writ is a sufficient demand to entitle one to recover the property sued. for, though a prior demand may be necessary to authorize a recovery of damages for detention.

5. *Appeal and Error; Harmless Error; Demand.*—Where damages for detention are not awarded, the mortgagor cannot complain of the failure of the mortgagee bringing detinue to demand possession before suit.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Detinue by the Slocumb Mule Company against J. E. Black, and others. From a judgment for plaintiff against J. E. Black, he appeals. Affirmed.

W. O. MULKEY, for appellant. The suit was against Black & Campbell, as individuals, but the verdict and judgment are against Black alone, and adjudged the whole cost to him, this was error.—Sec. 3368, Code 1907; 90 Ala. 527; 111 Ala. 310. Counsel discusses the errors assigned as to evidence, and insists that a demand was necessary after the agreement to extend the time of payment of the mortgage, and that, therefore, evidence of the agreement became admissible, but he cites no authority in support thereof.

C. D. CARMICHAEL, for appellee. The agreement was without consideration, and therefore, not binding. No demand was necessary except perhaps, to authorize recovery of damages for detention, and as no recovery was had therefor, the filing of the suit was a sufficient demand.—*Grice v. Jones*, 1 Stew. 254; *Vaughan v. Wood*, 5 Ala. 304; *Bell v. Pharr*, 7 Ala. 807; *Dunn v. Davis*,

12 Ala. 135; *Mervine v. White,* 50 Ala. 388; *Grandin v. Hurt,* 80 Ala. 116; *Daniel Bros. v. Jordan,* 146 Ala. 231. A promise to extend a mortgage debt upon part payment after maturity, is without consideration, and does not have the effect to extend the time of payment. —*Scott v. Scruggs,* 95 Ala. 583; 3 Stew. 485; 7 Cyc. p. 900; 97 Ala. 649; 76 Ala. 145; 37 Ala. 320; 121 Ala. 377; 128 Ala. 128; 35 Ala. 544: 33 Ala. 265; 85 Ala. 127.

WALKER, P. J.—The plaintiff's claim to the property sued for was based upon a chattel mortgage. It is contended in behalf of the appellant (defendant below) that, because of a statement made to him by the plaintiff's representative on the occasion of a partial payment being made on the secured debt after the law day of the mortgage to the effect that the plaintiff would "carry" the defendant till fall, the plaintiff was not entitled to maintain the suit, brought before that time, without having previously made a demand on the defendant for the possession of the property.

It is conceded in the argument that the mortgagor did not as a result of that occurrence secure the right to an extension of the time of payment of the debt, as a partial payment on a past due debt is not such a consideration as is required to support an agreement to that effect.—*Scott v. Scruggs,* 95 Ala. 383, 11 South. 215; 9 Cyc. 900. The claim is that, though the agreement relied on was lacking in an essential feature of a valid contract, yet it had such an effect that the mortgagee, within the period mentioned, was not entitled to sue for the mortgaged property without a previous demand on the mortgagor for the possession of it. We are not of opinion that this claim can be sustained.

On the failure to pay the mortgage debt when due the mortgagee became entitled to the immediate posses-

sion of the mortgaged property and to maintain an action of detinue for its recovery.—*Mervine · v. White,* 50 Ala. 388; *Grandin v. Hurt,* 80 Ala. 116.

No good reason has been suggested, and none has occurred to us, to justify the conclusion that an agreement unsupported by consideration which the law recognizes is any more effectual to impair or postpone the mortgagee's right to immediate possession, or to annex a condition to his right to sue therefor, than it is to secure to the mortgagor an extension of the time of payment of his debt. Such an invalid agreement is without effect upon the rights of either party to the mortgage. That occurrence left the mortgagee with the same right to immediate possession of the mortgaged property that it had before.

A previous demand is not required to authorize one to maintain detinue unless it is necessary to change a rightful possession into an unlawful detention.—*Foster v. Johnson,* 13 Ala. 379; *Worthington v. A. G. Rhodes & Son,* 145 Ala. 656, 39 South. 614. And it seems that the failure to make a previous demand in such a case affects only the plaintiff's right to recover damages for the detention of the property prior to the commencement of the suit (*Lawson's Adm'r v. Lay's Ex'r,* 24 Ala. 184; *Daniel Bros. v. Jordan & Son,* 146 Ala. 229, 40 South. 940), so far as his right to recover the thing sued for is concerned the service of the writ being regarded as a sufficient demand (*Vaughn v. Wood,* 5 Ala. 304; *Bell v. Pharr,* 7 Ala. 807; 6 Ency. of Pl. & Pr. 650).

This being true, and as, in view of the fact that the verdict and judgment in this case awarded no damages at all for the detention of the property, it is apparent that the appellant suffered no injury as the result of the failure of the appellee to demand possession before

the suit was brought, the conclusion is well warranted that the former is not in a position entitling him to complain of that omission. The court was not in error in giving the affirmative charge requested by the plaintiff.

Affirmed.