# Hodges v. Kyle.

### Detinue and Trover.

(Decided November 25, 1913.   Rehearing denied December 18, 1913.
63 South. 761.)

1. *Evidence; Opinion; Value; Competency.*—Where it appeared that the witness was acquainted with the property in question, and had had opportunities of knowing prices at which it and similar property had been sold and rented, he was qualified to testify as to its value, and its rental value, since a witness as to such matters need not have had such special experience or training, as entitles him to be called an expert.

2. *Estoppel; Reliance on Acts.*—Where one claims that another has estopped himself by his conduct he must show that he relied on that conduct, and was induced to act or refrain from acting on the faith thereof.

3. *Account; Stated; Evidence.*—The rule that where an account includes debit and credit, the debtor cannot claim the credit without submitting to the debits, does not prevent the debtor from proving that the charges against him are incorrect, where there is evidence of the payments by him other than that furnished by the creditor's admission contained in his statement, and defendant's momentary impression that plaintiff, by introducing the statement in evidence affirmed its correctness, could not form the basis of an estoppel, if the defendant did not rely thereon to his prejudice.

4. *Same; Rebutting Presumption.*—The presumption of the correctness of a statement of the secured account furnished a mortgagor by the mortgagee, arising from his failure to controvert it promptly, is a rebuttable presumption, and the mortgagor was entitled to prove that any admission implied from his silence was not supported by any consideration in that no balance was owing on the account.

5. *Witness; Competency.*—Where it was claimed that the debt secured by the mortgage was paid before the sale by the mortgagee, and the mortgagor knew that charges made against him by the mortgagee were unauthorized by the terms of the mortgage or by any other agreement or transaction to which he was a party, he could so testify, notwithstanding his lack of knowledge of the facts upon which such charges were based.

6. *Mortgages; Chattels; Action for Possession; Burden.*—In an action of detinue and trover by a mortgagor of chattel against the purchaser of the chattels from the mortgagee, he setting up no claim to the property except under the mortgage foreclosure, such purchaser has the burden of proving consent of the mortgagor that the mortgage should stand as security for claims or debts not mentioned therein, and for the payment of which the mortgage was foreclosed; hence, an instruction that the burden was on the defendant to prove the correctness of items not authorized by the mortgage was proper.

7. *Detinue; Defenses; Failure to Demand.*—There can be a recovery in detinue without demand for the property before suit where the possession of the property was wrongfully acquired by a sale by a chattel mortgagee who had not acquired the right to possession of the property, especially as it appears that the failure to demand the property merely defeats the right to recover damages for the detention and not the right to recover property, even where defendant had rightfully acquired possession.

8. *Charge of Court; Directing Verdict; Form.*—Where a complaint contains more than one count a defendant is not entitled to have the jury instructed to find for him as to a particular count if they believe the evidence; the instruction to which he is entitled, where the evidence justifies such instructions, is not to find for plaintiff on such a count or not to find against the defendant.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Detinue and trover by W. B. Kyle against U. S. Hodges. Judgment for plaintiff, and defendant appeals. Affirmed.

The following charges were given at the plaintiff's request: "(1) The court charges the jury that the burden of proof is on the defendant to reasonably satisfy you from the evidence of the correctness of any item charged to the plaintiff by the Iron City Lumber Company, which was not authorized by the mortgage in evidence. (2) The court charges the jury that plaintiff's failure to object to any charges made against him by the Iron City Lumber Company can only be considered as a circumstance against him, and not as conclusive proof that he admitted them to be correct, or that they were correct."

The following charge was refused to defendant: (1) Affirmative charge as to first count.

[Hodges v. Kyle.]

W. T. HILL, and McKINLEY, McQUEEN, HAWKINS & SNOW, for appellant. The court erred in permitting the plaintiff to testify as to the rental value and the reasonable market value of the property involved.—*Winter & Co. v. Burke,* 31 Ala. 33. It was not proper to permit the plaintiff to state that he had fully paid the amount due under and secured by the mortgage prior to the sale.—*Fitzpatrick v. Harris,* 8 Ala. 32; *Ryan v. Gross,* 48 Ala. 374; *Hill v. Huckabee,* 70 Ala. 183; *Hodges v. Winston,* 95 Ala. 514; *Gabury & Co. v. S. S. & M. Co.,* 99 Ala. 51; *Peck Bros. v. Ryan,* 110 Ala. 347; 1 Cyc. 475. On these same authorities, plaintiff should not have been permitted to state in what particular the account introduced in evidence was erroneous. The court erred in giving charge 14.—*Fitzpatrick v. Harris, supra.* On the authorities above cited, the court erred in giving charge 2. On these same authorities, the court should have given charges 1, 2 and 3 requested by appellant. On application for rehearing appellant contends that the judgment takes away from appellant the right to surrender the property sued for in payment pro tanto of the judgment rendered against him in this cause, which they insist is contrary to the statutes and decisions. They cite *Bouldin v. Estey O. Co.,* 92 Ala. 182, and sections 2874, 2895, 3781-83, Code 1907.

BROWN & WARD, for appellee. A question of value is necessarily one of conclusion based on opinion, and it was shown sufficiently that plaintiff was qualified to testify as to market and rental value of the property.— *Burkes v. Hubbard,* 69 Ala. 379; *M. J. & K. C. v. Riley,* 24 South. 858; 1 Greenl. 552. The account was not a stated account, but only prima facie evidence from which it may be inferred that it is or is not a stated account.—*Rice v. Sloss,* 90 Ala. 416. The case of *Fitz-*

*patrick v. Harris,* cited by appellant is explained in the case of *Loventhal v. Morris,* 103 Ala. 338, where the true doctrine is stated. This account was only incidental to the trial, and the principles decided in *Rice v. Sloss, supra,* were re-affirmed in the case of *Ryder v. Cunningham,* 34 South. 26, and *Ivey L. C. & C. Co. v. Long,* 36 South. 722; *Galloway v. Gay,* 39 South. 277. The question of estoppel cannot possibly operate against the plaintiff in this case.—*First Nat. Bank v. Chafin,* 118 Ala. 247. The charges requested by the appellant are not in form, and those given for the plaintiff correctly state the law.—*Sheffield Co. v. Harris,* 61 South. 88. Under the circumstances in this case no demand was necessary.—*Boutwell v. Parker,* 27 South. 310; *Ensley L. Co. v. Lewis,* 25 South. 731; *Elrod v. Hamner,* 120 Ala. 463.

WALKER, P. J.—Under the evidence adduced at the trial, the maintenance of the claim of the plaintiff (the appellee here) to the personal property sued for was dependent upon his sustaining the contention, which there was evidence to support that at the time of the attempted foreclosure of a mortgage of that property which he had given he had paid in full the debt secured by that mortgage, with the result that the foreclosure was unauthorized and ineffectual to bar his title or right to the property.

The court was not in error in admitting the testimony of the plaintiff as to the value of the property sued for and as to the value of its rental or hire. It appeared from his testimony that he was acquainted with the property in question and had had opportunities of knowing the price at which that and similar property had been sold and rented. This was enough to qualify him to give his estimate or opinion as to the values in-

quired about. To establish the competency of a witness to testify as to such matters, it is not required to be shown that he had had such special experience or training as to entitle him to be called an expert.—*Hodge, et al. v. Rambo,* 155 Ala. 175, 45 South. 678; *Montgomery-Moore Mfg. Co. v. Leith,* 162 Ala. 246, 50 South. 210; *Hooper v. Dorsey,* 5 Ala. App. 463, 58 South. 951.

On the cross-examination of the plaintiff, the facts were brought out that he had executed a mortgage of the property sued for, which the defendant introduced in evidence, and that the mortgagee, in response to the plaintiff's written request, had furnished him a statement of the account secured by the mortgage. On the plaintiff's redirect examination, after he had introduced in evidence the statement of account about which he had testified on his cross-examination, which statement showed a balance owing to the mortgagee on the mortgage debt, and had testified that the mortgagee had advertised and sold the property under the mortgage after the debt secured by it had been fully paid, he was asked by his counsel to state whether or not the account which he had introduced in evidence was correct, and, if not, to state in what particulars it was incorrect. The defendant's objection to this question was overruled. It is insisted in the argument of the counsel for the appellant that the objection should have been sustained on the grounds stated in support of it; that, the plaintiff himself having introduced the account in evidence, he could not be permitted to elect to be bound by such parts of it as might be favorable to him and to disaffirm such parts of it as might be unfavorable to him; and that, by introducing it in evidence without qualification or a statement of his purpose to contest any of its items, he had estopped himself to deny the correctness of the account in any particular. The rule that,

where an account is made out with debits and credits and presented to the debtor, he cannot claim the credits without submitting to the debits, cannot be so applied as to prevent the debtor from proving that certain charges shown against him in that statement are incorrect, where there is evidence of the payments made by the debtor other than that furnished by the creditor's admissions contained in his statement.—*Loventhal & Son v. Morris,* 103 Ala. 332, 338, 343, 15 South. 672. In the present case the plaintiff did not have to rely on the statement of the account furnished to him by the mortgagee to prove the payments which he had made on the mortgage, as his testimony was to the effect that that statement contained a correct list of the payments he had made. In this situation there was nothing in the mere fact of his introducing that statement in evidence to preclude his proving that some of the charges against him were incorrect. The defendant was in no position to sustain a claim that the plaintiff, by introducing the statement of account in evidence, estopped himself to raise any question as to its correctness. There is no room for a claim that the defendant, or any one with whom he was in privity, relied upon that conduct with the result of changing his position or taking any action to his prejudice, as the introduction of the account in evidence was almost immediately followed by the offer of the plaintiff to prove the incorrectness of some of its charges against him. One who claims that another has estopped himself by his conduct cannot sustain such claim without showing that he relied on that conduct and was induced to act or to omit action on the faith of it.—*Huntsville Elks' Club v. Garrity-Hahn Building Co.,* 176 Ala. 128, 57 South. 750; 16 Cyc. 734. This essential element of an estoppel was lacking. The defendant could not have been misled to his prejudice

[Hodges v. Kyle.]

by the failure of the plaintiff, at the time he introduced the mortgagee's statement of the account in evidence, to express his purpose to contest the correctness of it. The bringing and prosecution of the suit for the property covered by the mortgage indicated that the plaintiff did not admit that there had been a valid foreclosure of it. An impression on the part of any one that the plaintiff, by introducing in evidence the mortgagee's statement of the account, was intending to affirm the correctness of that statement, could have been but momentary, as this action was closely followed by the plaintiff's offer of testimony to prove the incorrectness of some of the debtit items in that statement. The course pursued by the plaintiff in the introduction of his evidence in this connection amounted to his first disclosing upon what claim the mortgagee had based his contention that a balance remained due on the mortgage debt, so as to entitle him to foreclose, and then adducing evidence going to prove that the credits to which the plaintiff, the mortgagor, was entitled amounted to more than the aggregate of the sums with which he was properly chargeable, so that nothing was in fact owing on the mortgage debt when the sale under the power contained in the mortgage was made. The defendant could not have been harmed by the failure of the plaintiff to make announcement of his purpose to offer such testimony when he introduced the mortgagee's statement in evidence. The plaintiff had done nothing to make the statement of the account conclusively binding upon him, and the court did not err in permitting him to controvert it by evidence of its incorrectness.

There was evidence tending to prove that the account as rendered by the mortgagee to the plaintiff became a stated one. But whatever presumption of the correctness of that statement may have been raised by

the plaintiff's failure to controvert it promptly was a rebuttable one, and he was entitled to prove that any admission of his that might be implied from his silence was unsupported by a consideration, in that as a matter of fact no balance was owing on the mortgage debt at the time of the foreclosure.—*Rice v. Schloss & Kahn,* 90 Ala. 416, 7 South. 802; *First National Bank of Talladega v. Chaffin, et al.,* 118 Ala. 246, 24 South. 80. The mortgage itself provided for payments to be made on it by the mortgagor supplying lumber to the mortgagee at the market price for such lumber prevailing when the orders for it were given, and the payments which were made on the mortgage debt were made in this way. The plaintiff in his testimony pointed out a number of charges against him shown by the mortgagee's statement of the account which were not authorized by the terms of the mortgage or by any other agreement, express or implied, to which the plaintiff was a party. The aggregate of these charges which, according to the plaintiff's testimony, were unauthorized, amounts to more than the balance shown by the mortgagee's statement. It is contended in the argument of the counsel for the appellant that the plaintiff's testimony as to these disputed charges against him disclosed such a lack of knowledge of the facts upon which they were based as to justify the court in putting aside that testimony as unworthy of consideration or of submission to the jury. We cannot concur in this view. The statement itself disclosed the nature of the mortgagee's claims upon which the charges in question were based. For the mortgagor to controvert the correctness of these items it was not necessary for him to know more about them than that they were not authorized either by the terms of the mortgage or by any other agreement or transaction to which he was a party. Under

the evidence in the case it was a question for the jury whether or not anything was owing on the mortgage debt at the time the foreclosure sale was made. The defendant was in no position to claim that he was misled by the plaintiff's conduct, as the latter appeared at the foreclosure sale and gave public notice that any one who bought at it would buy a lawsuit.

Under the evidence in the case there was no room for the controversy as to the property sued for having belonged to the plaintiff. The defendant set up no claim to it except under a foreclosure of a mortgage of it which had been given by the plaintiff. In this situation it was plainly incumbent upon the defendant to sustain by proof any items embraced in the claim for the payment of which the mortgage was foreclosed which were not authorized by the mortgage itself. Only by the consent of the mortgagor could the mortgage stand as security for a debt or claim not mentioned in it, and the party claiming that there was such consent had the burden of sustaining such claim by proof. Charge 1 given at the plaintiff's request imported no more than this, and the court was not in error in giving it.

What already has been said is deemed sufficient to support the conclusion that the proposition stated in charge 2 given at the request of the plaintiff is one which, under the evidence in the case, the court could properly give in charge to the jury.

The fault in charge 1 requested by the defendant in instructing the jury that if they believed the evidence they must find for the defendant under the first count of the complaint, instead of instructing them that in such event they should not find for the plaintiff, or should not find against the defendant on that count, was enough to justify the court in its refusal to give it.

—*Goldstein v. Leake,* 138 Ala. 573, 36 South. 458; *Key v. Goodall, Brown & Co.,* 7 Ala. App. 277, 60 South. 986. But, aside from this fault, the claim made in behalf of the defendant in reference to that charge cannot be sustained. That claim is that the plaintiff was not entitled to recover on the count in detinue because he had not, before bringing the suit, made demand for the property sued for. If such demand is necessary in any case to authorize a recovery in detinue, some of the evidence tended to prove that this is not such a case, as there was evidence going to prove that the defendant acquired possession of the property wrongfully, having no authority to take it except such as was conferred by a sale to him by a mortgagee who had not acquired a right to the possession of the property. Under that evidence a demand was not necessary to make the defendant's detention unlawful. Even if the defendant had rightfully acquired possession of the property, it seems the plaintiff's failure to demand it before bringing suit would have affected, not his right to recover the property itself, but only his right to recover damages for the detention of it.—*Vaughn v. Wood,* 5 Ala. 304; *Daniel Bros. v. Jordan & Son,* 146 Ala. 229, 40 South. 940; *Black v. Slocumb Mule Co.,* 8 Ala. App. 440, 62 South. 308; 14 Cyc. 252, 262.

What has been said disposes of the assignments of error which counsel for the appellant have undertaken to support by argument.

Affirmed.