(75 South. 325)

## BANK OF ANDALUSIA v. FREEMAN.
### (3 Div. 285.)

(Supreme Court of Alabama. April 26, 1917.)

1. DETINUE ⊝⟿7—DEMAND.

A demand for the property before suit brought is not essential to authorize a plaintiff to maintain detinue unless such demand is necessary to change a rightful possession into an unlawful detention.

[Ed. Note.—For other cases, see Detinue, Cent. Dig. § 12.]

2. DETINUE ⊝⟿7—DEMAND.

If the relation of bailor and bailee does not exist between the parties in respect of the property in question, the service of the writ in detinue is a sufficient demand; but, if the plaintiff would recover damages for the detention prior to the institution of his action, he must have made a special demand for the possession of the property.

[Ed. Note.—For other cases, see Detinue, Cent. Dig. § 12.]

3. CHATTEL MORTGAGES ⊝⟿161—RIGHT TO POSSESSION OF PROPERTY—EFFECT OF SUBSEQUENT EXTENSION NOTE.

The authority to seize the property given by a mortgage stipulation was not extinguished by a subsequent extension note, expressly stating it did not release the mortgage; such note showing it was a mere supplementary assurance.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 282–285.]

4. CHATTEL MORTGAGES ⊝⟿159 — TITLE TO MORTGAGED PROPERTY.

Unless the mortgagor reserves the right to the possession of the mortgaged property until default, the effect of a chattel mortgage is to at once vest in the mortgagee the title to, and right to immediate possession of, such property.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 272–281.]

Appeal from Circuit Court, Conecuh County; A. E. Gamble, Judge.

Action by the Bank of Andalusia against S. C. Freeman. From judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

A. R. Powell and W. L. Parks, all of Andalusia, for appellant. C. E. Hamilton, of Greenville, for appellee.

McCLELLAN, J. The appellant brought this action against the appellee to recover certain personal property. The plaintiff rested its right to a recovery upon mortgages executed to it by the defendant. At the conclusion of the evidence the court gave the general affirmative charge for the defendant. This agreement, signed by counsel for the parties on January 16, 1917, appears in the transcript:

"It is agreed by and between the undersigned counsel of record for appellant and appellee that this court ignore all pleading in this record and the rulings of the court below thereon, except the complaint, the plea of general issue, and the suggestion of defendant of the amount due on the mortgage debt. It is further agreed that the only question to be considered by the court is as to the error complained of and assigned by appellant on the action of the court below in giving the affirmative charge for the defendant."

In the brief for the appellant it is stated that:

"The court gave the affirmative charge for the defendant because of the fact that the testimony in the case failed to show that any demand had been made upon the defendant by the plaintiff for the property prior to the institution of the suit."

[1, 2] A demand for the property before suit brought is not essential to authorize a plaintiff to maintain detinue unless such demand is necessary to change a rightful possession into an unlawful detention. Black v. Slocumb Mule Co., 8 Ala. App. 440, 443, 62 South. 308; Brock v. Headen, 13 Ala. 370, 376, 377. The status created by a bailment is said to illustrate this rule. Brock v. Headen, supra. If the relation of bailor and bailee does not exist between the parties in respect of the property in question, the service of the writ in detinue is a sufficient demand; but, if the plaintiff would recover damages for the detention prior to the institution of his action, he must have made a special demand for the possession of the property. Vaughn v. Wood, 5 Ala. 304, 307; Lawson v. Lay, 24 Ala. 184; Daniel v. Jordan, 146 Ala. 229, 231, 40 South. 940; Bell v. Pharr, 7 Ala. 807; Black v. Slocumb, supra; Hodges v. Kyle, 9 Ala. App. 449, 458, 63 South. 761.

[3, 4] It was stipulated in the mortgages executed by defendant to plaintiff that the "mortgagees or assigns may, after or before maturity thereof, and for the payment hereof, seize and sell as they may deem best" the property described in the mortgages, the mortgagor "waiving all informalities and notice." On October 9, 1914, subsequent to the execution of the above-mentioned mortgages, the defendant executed to the plaintiff an "extension note" falling due and payable some time after the maturity of the most-deferred date of maturity of any of these mortgages. In this "extension note" it was stipulated:

"This paper is given in extension of and to better secure amounts due the Bank of Andalusia under former papers, and in no way release same, and full power and authority is hereby granted to sell, assign, or deliver the whole or any part thereof, or any substitute therefor, or any additional thereto, at public or private sale, at the option of the owner or holder of this note, his, their, or its assigns, on the nonperformance of this promise, or nonpayment of any of the liabilities above named at any time or times thereafter, without advertisement or notice, which is hereby expressly waived, and at such sale the owner or holder of this note may purchase the whole or any part of said securities discharged from any right of redemption, or liability for conversion."

The "extension note" did not operate to extinguish the authority, the right, of the mortgagee to seize the property described in the mortgages in accordance with the stipulation quoted before to that effect. Indeed, the terms of the "extension note" show it to have been a supplementary assurance, and by its terms guarded against the impairment of

---

⊝⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the security and the related rights expressly provided by the mortgages. Unless the mortgagor reserves the right to the possession until default, the effect of the instrument is to at once vest in the mortgagee the title to, and right to the immediate possession of, the property described in the mortgage. Boswell v. Carlisle, 70 Ala. 244; Holman v. Ketchum, 153 Ala. 360, 45 South. 206; Hardison v. Plummer, 152 Ala. 619, 44 South. 591.

On the theory stated, the court erred in giving the general affirmative charge requested for defendant.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.