142 So. 827

**HOME BOND & MORTGAGE CORPORATION v. ALABAMA UTILITIES SERVICE CO.**

**3 Div. 22.**

Supreme Court of Alabama.

June 25, 1932.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Ball & Ball, of Montgomery, for appellee.

**GARDNER, J.**

The suit is in detinue to recover one "Bryant" gas furnace with thermostat. The suit was originally against one Sharrer who filed a disclaimer and suggested the Home Bond & Mortgage Corporation, from whom he had leased the house in which the furnace had been placed, as the interested party, and said corporation was thereupon duly substituted as defendant. The cause was tried before the court without a jury and on oral proof, resulting in a judgment for the plaintiff, from which defendant prosecutes this appeal.

The defendant first insists the furnace was a fixture and a part of the realty; a mixed question of law and fact depending largely upon the intention of the parties (Nelson v. Howison, 122 Ala. 573, 25 So. 211) to be gathered in the instant case from various facts and circumstances. Grubbs v. Hawes, 173 Ala. 383, 56 So. 227; 26 Corpus Juris 651, et seq.

Plaintiff's evidence tends to show that it sold to Powell (a contractor and the original owner of what was called "The Home Ideal") this gas furnace which was placed in the house, the pipes being furnished and installed independently of plaintiff by one Colebrook; that the sale was for much less than retail price, and as an advertisement, the price tag being displayed thereon just as merchants who had furnishings in the house had done; the house was completely furnished in this manner with furniture, gas stove, heaters, and incinerator, all displayed with the house as an advertisement proposition; the furnace was merely placed or set on the cement floor, easily removable without in any manner disturbing the house. It was installed by Colebrook in July before completion of the house in October, 1929. The furnace was sold in September, 1929, under a retention title sale contract, which expressly reserved the right of the seller to retake the property upon default in payment, and was recorded November 27, 1929. No payments have been made on the purchase price.

It appears that in September, 1929, Powell secured $1,500 on a second mortgage upon the premises, and this mortgage defendant foreclosed, and rests its title to the real estate by such foreclosure proceedings and its right to the furnace by the fact that it has remained in the house and a fixture or a part thereof.

There is no effort in the foregoing to state all the facts and circumstances, but some of the most important, and we are persuaded from the proof the trial court was fully justified in the conclusion that, as between the original parties at least, the furnace was not a fixture and a part of the realty. Authorities, supra.

We have referred to the mortgage upon the real estate under which defendant claims title and to the proof which shows plaintiff's retention title contract was not filed for record at the time the mortgage was executed. Defendant insists, therefore, that it is an innocent purchaser and justified in treating the furnace as a fixture and a part of the realty. Before acquiring the mortgage, defendant had its vice president and general appraiser to make an appraisal of the property. This was the latter part of Septem-

ber, 1929, at which time the house was not completed, though some of the furniture had been placed. The proof discloses that the entire scheme was one of advertisement, display to the public by the owner with the hope and expectation of making a sale of the house, and of the business world with furnishings therein to make a sale of the goods. The trial court evidently rested his conclusion that the defense of innocent purchaser could not avail upon the answer of the appraiser to his pointed and direct question, if, in a building under construction, it would put him on inquiry "whether that gas heater was a part of the realty?" To which the witness answered, "Yes sir, it would." It is the recognized rule that what is sufficient to put one on his guard and call for inquiry is notice of everything to which the inquiry would lead. Street v. Treadwell, 203 Ala. 68, 82 So. 28; Figh v. Taber, 203 Ala. 253, 82 So. 495.

It may be, as insisted by the witness in subsequent testimony, that he misunderstood the question. But the trial judge had the witness before him, and was in better position to judge of that matter than are the members of this court.

But we are persuaded the trial court fell into error in the amount of damages awarded for detention. The proof shows a rental value of $75 per year, and the amount of the judgment ($150) includes damages for detention for two years. The time from the institution of the suit to the date of the judgment is only about seven months. There was shown no demand for possession prior to the institution of the suit. The possession of Powell, the purchaser, was not tortious, but rightful, until demand made therefor (Moore v. Monroe Refrigerator Co., 128 Ala. 621, 29 So. 447), and defendant as a purchaser of the real estate at its mortgage foreclosure, with the property here involved not otherwise disturbed, stands in his stead and succeeds to his rights. Defendant therefore was not a trespasser as to its possession. The rule of law applicable in the instant case is succinctly stated in Bank of Andalusia v. Freeman, 200 Ala. 13, 75 So. 325, as follows: "A demand for the property before suit brought is not essential to authorize a plaintiff to maintain detinue unless such demand is necessary to change a rightful possession into an unlawful detention. * * * The status created by a bailment is said to illustrate this rule. * * * If the relation of bailor and bailee does not exist between the parties in respect to the property in question, the service of the writ in detinue is a sufficient demand; but, if the plaintiff would recover damages for the detention prior to the institution of his action, he must have made a special demand for the possession of the property."

The case of Daniel Bros. v. H. R. Jordan & Son, 146 Ala. 229, 40 So. 940, is to like effect and here much in point.

In some of the authorities cited by appellee (among them Chappell v. Falkner, 11 Ala. App. 382, 66 So. 890) the possession of the property had been tortiously taken from the plaintiff, which presents an entirely different case, and in others, as Brock v. Headen, 13 Ala. 370, and Worthington v. A. G. Rhodes & Son Co., 145 Ala. 656, 39 So. 614, no question of damages was involved.

Damages for detention should therefore be confined to the time since the institution of the suit, and, at the yearly rental of $75, the period of seven months would reduce the recovery of damages to $43.75.

The judgment will accordingly be corrected in this respect by a substitution of $43.75 in lieu of the $150 damages for detention, and, as thus corrected, will be affirmed. Appellee is taxed with the costs incident to this appeal.

Corrected and affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.